[No. 12912. In Bank. — May 27, 1891.]

## JASPER S. SCOTT, RESPONDENT, v. BYRON JACKSON, APPELLANT.

SALE OF LETTERS PATENT — ACTION FOR PRICE — DELAY IN ASSIGNMENT — ACQUIESCENCE — ESTOPPEL — TENDER. — An action to recover the contract price of letters patent sold to the defendant, which were to be assigned to the defendant as soon as a settlement was made with another person, will not be defeated by mere delay to make the assignment until nearly three years after the settlement, if the defendant received all of the benefit he would have received if the letters had been actually assigned at the proper time, and the delay was acquiesced in by both parties; and in such case the purchaser is estopped from claiming that the tender of the assignment came too late.

ID. — SUFFICIENCY OF TENDER — OMISSION OF DEAD PATENT — WAIVER OF OBJECTION. — The fact that the tender of assignment did not include one of the patents cannot be complained of by the purchaser if the omitted patent had expired, and no objection was made to the tender on the ground of the omission.

ESTOPPEL IN PAIS. — Where a person tacitly encourges an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position so that he will be pecuniarily prejudiced by the assertion of such adverse claim.

ACQUIESCENCE — WAVIER OF RIGHT. — Acquiescence is where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*M. A. Wheaton,* for Appellant.

The assignment was due to Jackson before any of the purchase-money was due to Watkins. Watkins was therefore bound to tender his conveyance, before he could bring suit for the purchase-money. (Civ. Code, sec. 1439; *Folsom* v. *Bartlett,* 2 Cal. 163; *Brannan* v. *Mesick,* 10 Cal. 108; *Hill* v. *Grigsby,* 35 Cal. 662, 663; *Bohall* v. *Diller,* 41 Cal. 535; *Englander* v. *Rogers,* 41 Cal. 420; *Kelly* v. *Mack,* 45 Cal. 303; *Plath* v. *Kitzmuller,* 52 Cal. 491.) As Watkins was bound to make an assignment of the property before he could bring suit for the purchase price thereof, and the purchase price being indivisible and for the whole, he must tender a conveyance of the whole property which he had agreed to convey. (*Hidden* v. *Jordan,* 21 Cal. 102; *Polhemus* v. *Heiman,* 45 Cal. 577; Civ. Code, sec. 1486.) Time is of the essence of the contract to convey, where the property to be conveyed is of a character that fluctuates in value. (*Green* v. *Covillaud,* 10 Cal. 317; 70 Am. Dec. 725; *Weber* v. *Marshall,* 19 Cal. 448, 460; *Grattan* v. *Wiggins,* 23 Cal. 34; *O'Donnell* v. *Jackson,* 69 Cal. 624; *Requa* v. *Snow,* 76 Cal. 590; Civ. Code, sec. 1490; *Bellas* v. *Hays,* 5 Serg. & R. 427; 9 Am. Dec. 385.)

*John L. Boone,* and *Scrivner & Boone,* for Respondent.

The objection that the assignment tendered by Watkins to Jackson was defective, because there was one patent covered by the contract that was not included in it, cannot be considered, because it does not appear that Jackson made this objection to the assignment when it was tendered to him. He simply refused to accept it, without making any specific objection to its substance or form, and is estopped from setting up such a defense. (Civ. Code Proc., sec. 2076.)

PATERSON, J.— This is an action to recover the sum of fifteen hundred dollars, the contract price of several United States letters patent, sold by plaintiff's assignor, Watkins, to defendant, under an agreement dated July 19, 1885. The contract of sale provided that Watkins should assign, deed, and deliver to defendant all of his patents for harvesting machinery for the sum of fifteen hundred dollars, one half of which was made payable November 1, 1885, and the balance November 1, 1886. The contract provided that the assignment was to be made as soon as a settlement was made by Watkins with Rice.

The court found that a settlement was made by Watkins with Rice in March, 1885; that at all times subsequent to January 19, 1885, Watkins was ready and willing to assign the patents to defendant, and that in December, 1887,— prior to the commencement of this suit, — he tendered an assignment in writing to the defendant of all the letters patent, except patent No. 97,646, which had expired on the first day of December, 1887. The contract was assigned by Watkins to the plaintiff herein January 20, 1886. Judgment was entered in the court below in favor of the plaintiff for the amount claimed; the defendant moved for a new trial, which motion was denied, and he thereupon appealed from the order and from the judgment.

It is claimed by appellant that Watkins could not put Jackson in default without an offer to perform; that readiness to perform is not the same as performance; that the tender of the assignment came too late, not having been made until two years and eight months after the settlement with Rice; that at that time it was impossible for Watkins to perform, because one of the patents had already expired, and defendant cannot be required to take less than all of the property Watkins agreed to sell.

Of course, Watkins could not put Jackson in default

without an offer to perform in accordance with the terms of the contract, and if there were nothing in the case to overcome the effect of the finding that Watkins did not tender an assignment of the letters patent until December, 1887, the defendant would be entitled to judgment; but the court found "that the delay in making the assignment of said patents was not caused by the neglect or refusal of said Watkins to make an assignment, but was acquiesced in by both parties to this contract"; and we cannot say that this finding is not supported by the evidence. It appears from the testimony that at the time the contract set forth in the complaint was entered into the defendant was engaged in manufacturing and selling agricultural implements, and was the owner of letters patent for the manufacture of such implements. Watkins was also the owner of certain patents and improvements in agricultural implements, and was having his machines manufactured at the establishment of Rice, and was engaged in selling the same in competition with the defendant. Jackson claimed that Watkins was unlawfully infringing upon his patents, and litigation was threatened. The contract set forth in the complaint seems to have been entered into in compromise of the differences between the parties; Watkins agreed to sell to Jackson all of his letters patent for the sum of fifteen hundred dollars, make a settlement with Rice, and collect royalties for machines sold prior to January 1, 1885, and devote his entire time in the capacity of salesman and traveling expert for defendant, for which he was to receive the sum of fifteen hundred dollars per year. Immediately after the execution of the contract, the patents were delivered by Watkins to Jackson. Watkins ceased to manufacture or sell any more of his machines, and remained in the employ of the defendant from January 19, 1885, until the early part of 1886, when he demanded a settlement under the contract. The defendant seems to have considered it important to

avoid the competition caused by the manufacture and sale of Watkins's machines. There was evidence to show that such was the main consideration which induced the defendant to enter into the contract. It is true, the defendant never used the patents, but the possession thereof was taken and held by him, and no doubt as thus held they were as valuable to him as they would have been if he had actually used them in the manufacture of machines. The rival patents were not only put out of the way, but defendant secured the services, in his own business, of Mr. Watkins, who is designated in the contract as "traveling expert in the field." The defendant purchased the Watkins machines from Rice, and paid the latter between five thousand and six thousand dollars for them. Under the circumstances, the court below doubtless believed that the defendant had received all the benefit that he would have received if the letters had been actually assigned at the proper time, and that defendant was estopped by his conduct from claiming that the tender of the assignment come too late.

It is claimed by the appellant that the finding of the court does not amount to a finding of a consent to delay or a waiver of an earlier assignment; but we do not so understand it. The term " acquiesce," as used here by the court, means a consent inferred from silence; a tacit encouragement. "Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position so that he will be pecuniarily prejudiced by assertion of such adversary claim." (*Swain* v. *Seamens*, 9 Wall. 254.) "Acquiescence is where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that under the circumstances of the case the other party may fairly infer that he has waived or

abandoned his right." (Rapalje and Lawrence's Law Dictionary.) By accepting and retaining possession of the patents, the defendant virtually deprived Watkins of the use thereof, and indicated that he was satisfied with what Watkins had done under the contract. Although Watkins continued in his employ for a long time after the contract was made, nothing was said about an assignment, both parties having apparently considered that none was necessary; and it would be a hardship now upon Watkins and his assignee if they should be deprived of the value of the property through what was evidently a mutual mistake in regard to that matter.

Appellant's contention that the tender of the assignment was not good because one of the patents was not included in the assignment tendered is unsound. The patent omitted from the assignment was dead, the statutory term of its existence having expired. It would have been a useless thing, therefore, to have included it in the assignment. If the delay in making the assignment was not through the neglect of Watkins, but by and with the consent of the defendant, as the court has found, the defendant cannot complain that the life of the patent had expired before the tender was made. Furthermore, no objection of this kind was made at the time Watkins tendered the assignment. (Code Civ. Proc., sec. 2076.)

Judgment and order affirmed.

BEATTY, C. J., DE HAVEN, J., HARRISON, J., and McFARLAND, J., concurred.

Rehearing denied.