[No. 14200. Department Two.—December 15, 1891.]

IN THE MATTER OF THE ESTATE OF FRANCIS CROGHAN, DECEASED.

Homestead — Separate Property of Husband — Selection by Husband — Survivorship of Wife. — A valid homestead, selected by a husband from his separate property, upon death of the husband, vests absolutely in the widow as survivor.

Id. — Construction of Codes. — Sections 1265 of the Civil Code and 1168 of the Code of Civil Procedure are not in conflict with section 1474 of the latter code, but when read together, such sections mean that when a homestead has been selected by one spouse out of the separate property of the other without the consent of the latter, then, upon the death of the one from whose property it was selected, it vests in his or her heirs, subject to the power of the court to assign it for a limited period to the family of the decedent; but when the selection has been from the separate property of the person selecting or joining in the selection of the same, it goes absolutely to the survivor.

Appeal from an order of the Superior Court of Alameda County setting apart a homestead.

The facts are stated in the opinion of the court.

*J. J. Roche, D. I. Mahoney,* and *William H. Metson,* for Appellants.

*A. A. Moore,* and *T. Z. Blakeman,* for Respondent.

McFARLAND, J. — This is an appeal by certain brothers and sisters, and children of deceased brothers and sisters, of the deceased from an order setting aside absolutely to the surviving wife a certain homestead. There is no attack made on the general validity of the homestead in question. It was the family residence, was not of greater value than five thousand dollars, a proper declaration had been made and recorded, and it was in all respects in law a valid homestead. But the contention of appellants is, that it should have been set apart to the widow only for a limited period, after which it should go by operation of law to the appellants as heirs. The facts upon which this contention arises are these: 1. The said homestead was the separate property of the deceased; and 2. The declaration of homestead was made by the deceased himself. Upon these facts we are clear that the homestead vested absolutely in the widow as survivor, and that the order appealed from was right.

It is impossible for a state of facts to be more completely covered by a statutory provision than are the facts in this case covered by section 1474 of the Code of Civil Procedure. That section provides as follows: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or *from the separate property of the person selecting or joining in the selection of the same,* it vests, on the death of the husband or wife, absolutely in the survivor. If the homestead was selected from the separate property of either the husband or the wife, without his or her consent, it vests, on the death of the person from whose property it was selected, in his or her heirs, subject to the power of the superior court to assign it for a limited period to the family of the decedent."

The contention is, that section 1265 of the Civil Code and section 1168 of the Code of Civil Procedure are in conflict with said section 1474; and a good deal of reasoning is indulged in by counsel to show what the rule is when two different sections of the codes are contra-

dictory and irreconcilably conflicting. But such is not the case here. The clear and explicit language of section 1474 deals in detail with the very identical case of a homestead on separate property created by the owner of such property. The legislative mind, when enacting it, was directed specially to that particular kind of homestead; and its intent, thus directly and clearly expressed, is not to be taken as changed by other sections which use general language, and in which there is no direct reference made to a homestead carved out of separate property by the will of its owner. All the sections cited, when read together, clearly mean that when a homestead has been selected by one spouse out of the separate property of the other, without the consent of the latter, then upon the death of the one from whose property it was selected, it vests in his or her heirs, subject to the power of the court to assign it for a limited period to the family of the decedent; but when the selection has been "from the separate property of the person selecting or joining in the selection of the same," then it goes absolutely to the survivor. The cases cited by appellant do not establish any other doctrine.

Order affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.