[Sac. No. 1247.    Department Two.—September 13, 1904.]

BIRDIE EDNA SADDLEMIRE et al., Appellants, v. STOCKTON SAVINGS AND LOAN SOCIETY, Respondent.

HOMESTEAD — DECLARATION BY HUSBAND — TITLE OF WIFE UPON HIS DEATH.—Where a homestead is properly declared by the husband, whether it be upon community property or upon the separate property of the husband or upon the separate property of the wife, the title thereto vests absolutely in the wife upon the death of the husband, and the children have no title or interest therein.

ID.—EFFECT OF PROBATE HOMESTEAD—WITHDRAWAL FROM ADMINISTRATION.—An order for a probate homestead, setting it apart for the use of the family, including the widow and children, does not affect the absolute title of the widow, or confer any title upon the children by adjudication. It has only the effect to withdraw the property from administration.

ID.—LAW IN FORCE AT DEVOLUTION OF TITLE.—It is immaterial when the homestead was declared, as the title vested upon the death of the husband, and it is only the law in force at that time that need be considered as respects the devolution of title of the homestead premises.

ID.—ACTION TO ENFORCE TITLE OF CHILDREN—JUDGMENT UPON DEMURRER TO COMPLAINT—DISMISSAL.—In an action to enforce the title of the children in the probate homestead which was alleged to have been properly declared by the husband in his lifetime, the complaint shows no title or interest in the plaintiffs, and a demurrer thereto was properly sustained; and upon failure of the plaintiff to amend the complaint a judgment of dismissal of the action was proper.

APPEAL from a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion.

J. F. Ramage, and C. H. Fairall, for Appellants.

The decree setting apart the homestead for the support of the family vested title in the mother and the children. (Code Civ. Proc., sec. 1468; *Hoppe* v. *Fountain,* 104 Cal. 100; *In re Walkerly,* 108 Cal. 655;[1] *Estate of Hamilton,* 120 Cal. 428; *Estate of Matheny,* 121 Cal. 268.) Judgments in probate proceedings are *in rem* and conclusive. (*Kearney* v. *Kearney,*

[1] 49 Am. St. Rep. 97, and note.

72 Cal. 593.)   One may waive the advantage of a law intended for his benefit (Civ. Code, sec. 1474), and a right under the homestead law may be waived by the consent of the widow to a probate homestead (Civ. Code, sec. 3515), and to share with her children in it.   The judgment of dismissal of the action was unwarranted.   (Code Civ. Proc., sec. 581; *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4.)

Nicol & Orr, for Respondent.

The complaint showed no title or interest in the plaintiffs. Upon the husband's death the property declared as a homestead by the husband vested absolutely in the surviving wife alone.   (Code Civ. Proc., sec. 1474; *Sheehy* v. *Miles,* 93 Cal. 288; *Gruwell* v. *Seybolt,* 82 Cal. 10; *In re Croghan,* 92 Cal. 370; *Dickey* v. *Gibson,* 113 Cal. 28.[1])   The law in force at the death of the husband controls as to the devolution of title of the homestead premises.   (*Herrold* v. *Reen,* 58 Cal. 444; *Tyrrell* v. *Baldwin,* 78 Cal. 470.)   No order of the court in the probate proceeding setting apart a homestead could affect the title vested in the widow.   (*Watson* v. *His Creditors,* 58 Cal. 556; *Estate of Burton,* 63 Cal. 36; *Sheehy* v. *Miles,* 93 Cal. 297; *Rich* v. *Tubbs,* 41 Cal. 34.)   The effect of the order was merely to withdraw the property from administration.   (*Estate of Tompkins,* 12 Cal. 114; *Estate of James,* 23 Cal. 418; *Estate of Burton,* 63 Cal. 36; *Estate of Orr,* 29 Cal. 101; *Estate of Groome,* 94 Cal. 69; *Estate of Gilmore,* 81 Cal. 240.)

CHIPMAN, C.—A demurrer to the second amended complaint for insufficiency of facts and for uncertainty was sustained, and plaintiffs failing to amend, judgment was entered dismissing the action, and for defendant's costs.

It is alleged in the complaint that D. J. Saddlemire died testate July 1, 1881, leaving Lavina, his widow, and plaintiffs Birdie, Mary, and Frank, his children, and that after due proceedings Lavina and Mary were appointed executors of the will; that the real property described in the complaint was at the death of deceased occupied by him and his family as a homestead, and the facts set forth in the complaint show that his declaration of intention to claim the premises as a

---

[1] 54 Am. St. Rep. 321.

homestead was conformable to the statute and was duly acknowledged and recorded; that on September 27, 1881, Lavina petitioned the said court "to set apart to the use of the family of said deceased [naming the widow and said plaintiffs] the real property selected as a homestead by said deceased, with the dwelling-house thereon, and at the date of said petition occupied by the said family of said deceased" (description follows); that on September 29, 1881, "the said superior court proceeded to hear said petition, . . . and duly gave and made its judgment and decree setting apart to the use of the family of said . . . deceased, the above described real property, and further ordered and adjudged that the said real property should not be subject to administration"; that ever since said date plaintiffs have been and now are the owners and in actual possession of said property (except about ten acres sold and conveyed). This latter allegation seems to be a conclusion of law from the foregoing averments. It is then alleged that the defendants claim some interest in the property; but said claim is false and fraudulent, and is based on a certain instrument in writing of date September 23, 1901, the history of which is alleged to be as follows: On October 6, 1881, Lavina borrowed from defendant bank the sum of twenty-six hundred dollars, and, to secure the payment, executed a conveyance, by deed of trust, of the said property, naming Shippee and West as trustees; on April 23, 1897, she executed another conveyance of the property to defendants Fred M. West and W. W. Westbay, as trustees, to secure the payment of her promissory note for $11,401.75 given to defendant bank; on the 23d of September, 1901, "in response to a request made to Lavina Saddlemire by said West, Lavina Saddlemire and Birdie Edna Saddlemire met said West at the office of defendant bank, and said West stated the object of the business was to have the mortgage renewed, and thereupon said West presented to Lavina Saddlemire for her signature, and she signed the same without reading or having read to her, an instrument in writing reciting" (then follows what purports to be a deed of trust between Lavina and plaintiffs, as the parties of the first part, said West and Westbay, trustees, second parties, and defendant bank, third party, given to secure $14,468.22 borrowed by Lavina from defendant bank, for which she executed her

promissory note).  The remaining allegations relate to the representations alleged to have been made by said West, by means of which plaintiffs were induced to sign said deed of trust.  The view we take of the case renders it unnecessary to consider these allegations.  The prayer is, that plaintiffs be decreed the owners in fee of said real property, and said defendants have no right or interest therein, and that they be restrained from asserting any claim thereto and for general relief.

Unless plaintiffs had some interest in the property when the complaint was filed, they cannot maintain the action. Our conclusion is, that from the allegations of the complaint it appears that at the death of her husband the property vested absolutely in Lavina as survivor, and, as she is not a party to the action, it becomes unnecessary to consider the alleged fraudulent representation made to plaintiffs.

Section 1474 of the Code of Civil Procedure provides as follows: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of the husband or wife, absolutely in the survivor." The complaint does not state whether the property was community or separate property.  But if it was community property or the separate property of the husband, his declaration brought the homestead within the meaning of the statute, and the property vested absolutely in the surviving wife. If the land was the separate property of the wife, it was no part of the estate of the deceased husband, and the court sitting in probate had no jurisdiction over it and could not deal with it as belonging to the estate.  It does not appear when the homestead was selected, but this is immaterial, as it does appear that at the death of the declarant the statute above referred to was in force and controls in the devolution of title.  (*Tyrrell* v. *Baldwin*, 78 Cal. 474.)  It was held in *Estate of Fath*, 132 Cal. 609, that the title of the widow acquired by survivorship, under section 1474, is not affected by a subsequent order of the court setting the property apart to her as a homestead.  (Citing *Sanders* v. *Russell*, 86 Cal. 370; *In re Croghan*, 92 Cal. 370; *Estate of Young*, 123 Cal.

337.) "The effect of that order was to withdraw the prop-erty therein named from administration, and to this extent relieve the executor from the necessity of accounting therefor; but it did not qualify or affect the title that had vested in Mrs. Fath at the instant of her husband's death." (Citing *Rich* v. *Tubbs*, 41 Cal. 34; *Bollinger* v. *Manning*, 79 Cal. 7; *In re Ackerman*, 80 Cal. 208.[1])

Appellants' contention is, that the order setting apart the homestead was a judicial determination that no valid recorded homestead existed upon the premises on September 29, 1881, and vested the title in the minor children and the mother, and the decree cannot be collaterally attacked. (Citing Code Civ. Proc., sec. 1468; *Kearney* v. *Kearney*, 72 Cal. 591; *Sheehy* v. *Miles*, 93 Cal. 288; *Hoppe* v. *Fountain*, 104 Cal. 94; *In re Walkerly*, 108 Cal. 655;[2] *Estate of Hamilton*, 120 Cal. 428; *Estate of Matheny*, 121 Cal. 268; *Otto* v. *Long*, ante, p. 144; Freeman on Judgments, sec. 319f.) *Kearney* v. *Kearney*, 72 Cal. 591, was an action to set aside a probate homestead which had been set apart to the widow where there had been no homestead selected in the lifetime of the deceased. What was there said had reference exclusively to the rights of the widow under the decree, and did not involve the question as to the effect of a probate homestead where one had pre-viously been selected under the statute. In *Sheehy* v. *Miles*, 93 Cal. 288, the court stated the settled law to be the same as shown in *Estate of Fath*, 132 Cal. 609, and other cases. It was said, however, in the opinion of Mr. Justice Garoutte, that "the decisions are founded upon the previous determina-tions of the court, that a valid recorded homestead upon com-munity property is in full life at the date of such decree." Appellants assume that this justifies the conclusion that the decree of the probate court in setting apart the homestead in the present case adjudged conclusively that there was no valid selection of a homestead, and that the whole world, including, we suppose, creditors, mortgagees, and grantees of the sur-vivor, is bound by such decree, no matter what rights may have accrued under the selected homestead. The incorrect-ness of this assumption is made very clear by the concurring opinion in the case. The point really decided in the Sheehy case was, that the purchaser, under his covenant of title, was

[1] 13 Am. St. Rep. 116.    [2] 49 Am. St. Rep. 97, and note.

not bound to accept the recorded homestead as importing a perfect title. *Hoppe* v. *Fountain,* 104 Cal. 94, was a probate homestead where no homestead had been selected in the lifetime of the husband. What was there said related only to such homestead as the court was dealing with. So also in *In re Walkerly,* 108 Cal. 655, and *Estate of Matheny,* 121 Cal. 268. In the recent case of *Otto* v. *Long, ante,* p. 144, the action was to quiet title acquired by foreclosure sale under mortgage executed by Mary Wood, to whom the property had been set apart as a homestead. It was held that the order could not be attacked collaterally, and that the pleadings furnished no foundation for a direct attack. The question we have here was not before the court. If the order was not open to attack its validity could not be urged on the ground that there had been a homestead selected in the husband's lifetime. The question as to the effect of the homestead selected prior to the husband's death did not arise.

It is suggested that Mrs. Saddlemire had a right to waive the provisions of section 1474, under the provisions of section 3513 of the Civil Code, which provides that "any one may waive the advantage the law intended for his benefit." This maxim has no application to the facts here. The court was without jurisdiction to make an order affecting the title of Mrs. Saddlemire, which vested in her through the selected homestead under section 1474. The effect of the order pursuant to the petition, as we have seen, was merely to withdraw the property from administration.

It is claimed that the judgment of dismissal was unauthorized under any subdivision of section 581 of the Code of Civil Procedure. (Citing *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4.) The judgment reads in part as follows: " . . . There having been no application for leave to file an amended complaint in said action; and no amended complaint having been filed therein; Now, therefore, it is hereby ordered," etc. It appears that plaintiffs were notified of the ruling on the demurrer March 20, 1903, and the judgment was not entered until April 19, 1903. Plaintiffs manifestly stood upon their second amended complaint, and by neglecting, after notice of the ruling, to further amend the complaint, they in effect refused to amend, and there was nothing left for the court to do but render judgment for defendants, either

dismissing the action or that plaintiffs take nothing by the action.

In the case cited by the appellants, *supra,* the court held that the insufficiency of the complaint is not available on motion to dismiss the action, and cannot be considered upon appeal from an order granting the motion. That is not the case here. There was no motion to dismiss. An issue of law involving the sufficiency of the complaint was presented by the demurrer; the demurrer was sustained, and plaintiffs refusing to amend, judgment of dismissal was proper.

It is advised that the judgment be affirmed.

Cooper, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.