[L. A. No. 2695.  Department Two.—September 26, 1911.]

IRENE MAY HART, Appellant v. J. H. TABER, et al.,
Respondents.

HOMESTEAD DECLARED ON COMMUNITY PROPERTY—VESTING IN WIFE ON
   DEATH OF HUSBAND.—Under section 1265 of the Civil Code and
   section 1474 of the Code of Civil Procedure the title to a homestead
   declared by a wife upon community property vests in her upon the
   death of her husband without any administration upon his estate.

ID.—DECREE DISTRIBUTING HOMESTEAD AS PART OF HUSBAND'S ESTATE—
   ESTOPPEL.—The fact that the wife was administratrix of her hus-
   band's estate, and the homestead property was appraised as a part
   thereof, and distributed by the decree of distribution in undivided
   shares to her and to the children of the intestate, is not, as against
   a mere personal judgment creditor of the wife, a conclusive adjudica-
   tion of the non-homestead character of the property, and does not
   estop her from asserting her homestead right to the whole of the
   property.

APPEAL from an order of the Superior Court of Los
Angeles County and from an order refusing a new trial.
N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellant.

Lee Gates, W. S. Allen, and Taylor & Forgy, for Respond-
ents.

MELVIN, J.—The sheriff of Los Angeles County, one of
the respondents herein, sought to sell under execution the
interest of Irene May Hart in certain real property following
a judgment obtained on a promissory note executed by said
Hart in favor of Taber.  Plaintiff claiming a homestead in-
terest in the property as the widow of John Curry obtained
a temporary injunction restraining the defendants from sell-
ing it, but after a trial of the action the superior court dis-
solved the injunction, found that Taber's judgment against
plaintiff was a lien on the premises, and adjudged the levy
of execution valid.  The plaintiff appeals from the judgment
and from an order denying her motion for a new trial.

There is no dispute regarding the facts. John Curry died intestate in 1904. Prior to that time plaintiff, then the wife of said John Curry and living with her husband on lot 50 of Westlake Park Tract in the city of Los Angeles, which was community property, executed and caused to be recorded a declaration of homestead upon the said premises. This homestead was in existence at the time of John Curry's death. Plaintiff was appointed administratrix of her deceased husband's estate and in December, 1905, a decree was entered distributing said property appraised as part of the estate, one half to plaintiff and one half to the two children of the intestate. Respondents concede that at the death of her husband plaintiff had a valid homestead on the property in question, and there is no denial that under section 1265 of the Civil Code and section 1474 of the Code of Civil Procedure the title vested in her without administration. The questions involved in this appeal, therefore, all arise out of her subsequent conduct and the decree of distribution above mentioned. In 1907, more than a year after distribution of the estate of John Curry, deceased, the plaintiff executed to Taber a note upon which he subsequently obtained the judgment that he seeks to satisfy by sale under execution of her interest in this property. The court concluded that the order settling the final account and for distribution in the matter of the estate of John Curry, deceased, "was an adjudication by a court of competent jurisdiction of the subject-matter and of the person of the plaintiff herein and said decree is conclusive upon the plaintiff herein as to the interest in said real property to which she was and is entitled." There was a further conclusion of law to the effect that by said order plaintiff was "estopped to claim said real property or any part thereof as a homestead or to claim any part of the same as owner except the undivided one-half part thereof."

We think that both of these conclusions were erroneous. The homestead vested absolutely in plaintiff upon the death of her husband. An order subsequently made by the probate court setting it aside to her and her children as a homestead would have been of no effect. (*See Saddlemire* v. *Stockton Sav. & London Soc.*, 144 Cal. 651, [79 Pac. 381]; *Estate of Fath*, 132 Cal. 610, [64 Pac. 995]; and cases therein cited.) And upon like principle, an order of distribution did not take

away her homestead right, because the court was without jurisdiction to make the order. Respondents cite *Blair* v. *Hazzard*, 158 Cal. 726, [112 Pac. 298], and similar cases, holding that "a decree of distribution is a muniment of title of the highest value" and argue that they were justified in depending upon the decree in the estate of Curry as settling plaintiff's title to the property and defining its extent. The answer to this is that a valid homestead is also a high muniment of title and that this is not an action by which they assert *title* to property, but only the right to foreclose an alleged lien. In *Ions* v. *Harbison,* 112 Cal. 264, [44 Pac. 572], which is the principal dependence of respondents, the property of the estate had been sold in pursuance of an order issued upon the prayer of the administrator, who failed to divulge his homestead interest. It was held that the jurisdiction of the probate court could not be questioned by one who knowing all of the facts, took the quitclaim deed of the administrator, and sought under it to attack the judgment collaterally—that as the administrator himself had created a record which could not, on appeal, disclose the extent of his homestead claim, his grantee could not question the judgment made without the court's knowledge of the homestead right. But here we have quite a different state of facts. No fraud nor misrepresentation is attributed to plaintiff nor do respondents assert that the note (which bore interest at the rate of five per cent per month) was accepted upon the faith and credit of Mrs. Hart's title to the real property here involved. Neither upon the doctrine of admitted jurisdiction of the probate court nor the principle of estoppel *in pais* was appellant precluded from asserting her homestead right, and such cases as *Ions* v. *Harbison,* 112 Cal. 264, [44 Pac. 572], and *Raggio* v. *Palmtag,* 155 Cal. 799, [103 Pac. 312], have no application, but the principles announced in *Saddlemire* v. *Stockton Sav. & Loan Soc.,* 144 Cal. 651, [79 Pac. 381], and kindred cases should govern here.

The judgment is reversed with instructions to the superior court to enter judgment for plaintiff in accordance with the principles herein expressed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.