[S. F. No. 6751.   Department Two.—July 29, 1915.]

## J. L. WILLIAMS et al. Respondents, v. JOHN Z. WILLIAMS et al., Appellants.

HOMESTEAD—DECLARATION BY WIFE UPON HER SEPARATE PROPERTY—TITLE VESTS IN SURVIVING HUSBAND.—A homestead declared by a wife upon her separate property vests absolutely in the husband upon her death.

ID.—PROBATE LAW—ELECTION OF HEIRS.—Where property to which one may have a valid claim (as in the case of community property, a surviving wife), is disposed of by will in violation of those rights, while at the same time other property, to which the claimant would not be entitled, is devised to that claimant, an election is forced. The claimant cannot at the same time take the benefits under the will and repudiate the losses. Such a person must either accept the terms of the will *in toto* or reject them *in toto*. But this rule fails utterly of applicability in a case where the only estate which the wife possessed, that is, a homestead, vested without administration absolutely in the husband by operation of law upon her death.

ID.—DECREE OF DISTRIBUTION—HUSBAND'S RIGHT NOT AFFECTED BY.—In such a case a decree of distribution distributing to the husband a life estate in the property with the remainder over in undivided shares to the decedent's children could not operate to divest the husband's rights in the property.

ID.—ADMINISTRATION OF ESTATE BY HUSBAND—WHEN HUSBAND NOT ESTOPPED BY DECREE OF DISTRIBUTION.—In such a case the husband of the decedent who was named as the executor of her estate and caused the will to be probated and administration under the will to be had upon the estate, is not estopped by reason of the error in the decree of distribution by which the property was treated as being within the disposing power of the will, even though he invited the error, and whether it arose from forgetfulness of the fact of the homestead declaration or from ignorance of the rights with which the law clothed him by virtue of the homestead declaration and his wife's death, where the error did not benefit him nor injure the children, the children's position not being changed or affected, and they losing nothing by his conduct and he gaining nothing by it.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.   H. Z. Austin, Judge.

CLXX Cal.—40

The facts are stated in the opinion of the court.

Traber & South, for Appellants.

E. D. Edwards, and Frank Kauke, for Respondents.

HENSHAW, J.—Plaintiffs are the children of defendant John Z. Williams. They pleaded that their mother, the wife of defendant John Z. Williams, died, leaving separate property in the county of Fresno; that by her will she devised the fee of this property to them, subject to a life estate in her husband; that their father was named as executor of this will and caused the will to be probated and administration under the will to be had upon the estate of their mother; that the decree of distribution in the matter of the estate was duly and regularly made and given and has become final; that by this decree a life estate was awarded to the husband in the property in controversy, and undivided interests in the remainder over to them; that at the time of the making of this decree the land was subject to the lien of a mortgage which was due and unpaid; that the father induced his children to deed to him their respective interests, representing that it was necessary for them so to do to enable him, by borrowing money elsewhere, to pay off the mortgage debt; he represented that the deeds which they were so requested to make to him would never by him be considered as conveyances of title, saving for the sole purpose of protecting the property by payment of the mortgage debt, and that he would hold the legal title for them in trust, in accordance with the terms of their mother's will. They then allege that after thus securing the deeds, in fraud of their rights, he asserted an absolute title in the property free of any trust in their favor.

This sufficiently outlines the cause of action. The other matters which are pleaded in addition to those mentioned do not need to be specifically set forth. Issue was joined and the court found the following facts, its findings being abundantly supported by the evidence. The property in question consisted of a thirty-acre tract of land, title to which originally stood in defendant John Z. Williams. It had been acquired during coverture and was the community property of himself and his wife Lydia. The husband planned to go and did go to Alaska. In contemplation of his trip he made a

deed to his wife of the land. It thus became her separate property. After his deed and before his departure, while they were living upon this tract of land, which in fact was their home, she made a declaration of homestead in due form. The land continued impressed with this homestead characteristic up to and at the time of the death of the wife. She left a will. By this will she bequeathed and devised a life estate in all of her property to her husband with the remainder over to the children. The husband, named as executor in the will, caused it to be probated, and after administration in due course the decree of distribution was given, which in terms awarded to the husband a life estate in the property with the remainder over in undivided shares to the children. There was nothing else in the estate saving a small sum of money which came into the executor's hands from the sale of crops produced upon the land after the wife's death. The court further found against all of the allegations of fraud and misrepresentation charged against the father; found that the children did make deeds of their respective interests in the property to him, but found that these deeds were freely and voluntarily made, without deceit or misrepresentation, and in consideration solely of the fact that the property had originally been earned and acquired by their father, and that the children desired him, therefore, to have it as his own. The court decreed judgment for defendant accordingly. Defendant had remarried, and his second wife is a nominal party defendant.

The homestead having been declared by the wife upon her separate property, "vested absolutely" in the husband upon her death. (Code Civ. Proc., sec. 1474; *Estate of Croghan,* 92 Cal. 370, [28 Pac. 570] ; *Weinrich* v. *Hensley,* 121 Cal. 647, [54 Pac. 254].) Appellants do not question this indisputable proposition, but assert that their father's rights to the property are determined by the decree of distribution under the doctrine (1) of election and (2) of estoppel. The doctrine of election under a will is a familiar one. Where property to which one may have a valid claim (as in the case of community property, a surviving wife), is disposed of by will in violation of those rights, while at the same time other property, to which the claimant would not be entitled, is devised to that claimant, an election is forced. The claimant cannot at the same time take the benefits under the will and repudi-

ate the losses. He must either accept the terms of the will *in toto* or reject them *in toto.* Such of course is the familiar doctrine repeatedly enunciated in the cases upon which appellants rely, and no controversy can arise over the principle thus declared. So uniform are the cases upon this matter that a citation without exemplification is sufficient. (*Noe* v. *Splivalo,* 54 Cal. 208; *In re Stewart,* 74 Cal. 101, [15 Pac. 445]; *Etcheborne* v. *Auzerais,* 45 Cal. 124; *In re Smith,* 108 Cal. 115, [40 Pac. 1037]; *Estate of Lufkin,* 131 Cal. 292, [63 Pac. 469].) They fail utterly of applicability in this case, since the only estate which the wife possessed upon her death vested without administration absolutely in the husband by operation of law upon her death. Her will, therefore, gave and could give him nothing. No election was forced upon him, and the decree of distribution, erroneous in attempting to dispose of property not subject to administration, did not, under these circumstances, and could not, affect his title and rights to the property. And this is so because the will conferred upon the husband no property and no benefits, and it is only where a testator has attempted to dispose of property which is not his own, and at the same time has given a benefit to the person to whom that property belongs, that the one accepting the benefit must make good the testator's attempted disposition. (*Morrison* v. *Bowman,* 29 Cal. 337.) That the decree of distribution could not operate to divest the husband of this right must be manifest and is declared. In *Hart* v. *Taber,* 161 Cal. 20, [118 Pac. 252], plaintiff was appointed administratrix of her husband's estate. The decree of distribution distributed the property one-half to the plaintiff, the widow and administratrix, and the other half to the two children. But at the time of the death of the husband there was a homestead on the property so distributed. It was urged in that case that the decree of distribution was an adjudication by a court having jurisdiction of the subject-matter and of the persons, and that the decree was conclusive upon the plaintiff as to the interest which she took. But this court held that it was not such an adjudication either of the homestead character of the property, or of the wife's title to the whole of the property, saying, "the homestead vested absolutely in the plaintiff upon the death of her husband. The order subsequently made by the probate court setting it aside to her and her children as a

homestead would have been of no effect. And upon like principle, an order of distribution did not take away her homestead right, because the court was without jurisdiction to make the order.'' And to the same effect are *In re Rowland,* 74 Cal. 524, [5 Am. St. Rep. 464, 16 Pac. 315]; *Estate of Fath,* 132 Cal. 609, [64 Pac. 995], and *Saddlemire* v. *Stockton Savings & Loan Society,* 144 Cal. 650, [79 Pac. 381].

The contention that the father was estopped by his conduct in the matter of the estate from here setting up his independent, absolute title to the property in question rests upon no more substantial foundation than does the contention we have just been considering. Such an estoppel is always founded upon a wrong done and upon the inequity of permitting the wrongdoer to take advantage of that wrong to the injury of another relying and entitled to rely upon the wrongdoer's conduct. No such circumstances are even remotely presented in this case. The utmost that can be said is that the error in the decree of distribution by which the property was treated as being within the disposing power of the will was an error invited by respondent. It may be conceded that it was such an error. Whether it arose from forgetfulness of the fact of the homestead declaration, or from ignorance of the rights with which the law clothed him by virtue of that homestead declaration and his wife's death are quite immaterial considerations. If any person entitled to rely upon these acts of respondent as executor of his wife's estate had been injured thereby; if, for example, the property had been sold as property of the estate with the knowledge of the executor to an innocent purchaser, the elements of estoppel would at once have come into existence. Not so here. The respondent's error, as it did not benefit himself, so did not injure anybody. His children's positions were not changed nor affected in the slightest. If it was not his property, they have in the present litigation all the rights which they ever had so to have it declared. If it was his property they lost nothing by his conduct and he gained nothing by it. *Etcheborne* v. *Auzerais,* 45 Cal. 124, well illustrates both phases of this matter. In that case property which had theretofore been impressed with a homestead was sold by the executors at probate sale under the terms of the will. The widow had filed in the probate court a relinquishment of her right to the homestead and had accepted bequests in lieu thereof made to her in the will.

Plaintiff in ejectment claimed under a deed from the widow as against the purchaser at the probate sale. The case was tried before a jury, which rendered a verdict for the defendant. The court granted a new trial and the defendant appealed. The new trial was granted under the conviction that the title in plaintiff, the grantee of the widow, in whom the homestead had vested, was a title superior to that which the executors could convey at probate sale. This court affirmed the order granting a new trial, and thereby of course affirmed this view of the law, but further declared that the widow's acceptance of the other property was an election that would operate to estop her or her grantee, the plaintiff in this action, from asserting her title to the homestead as against the executors or Auzerais, the defendant who derived his title from the executors. But, as the estoppel thus arising was one of equitable cognizance, it should have been pleaded.

The conclusions thus reached and expressed, that respondent John Z. Williams was not put to his election, and therefore did not elect, and that the error which he invited in the matter of the decree of distribution did not raise any estoppel against his assertion of full and complete title to the property, render unnecessary any further consideration of the case. As the children had nothing to grant by their deeds to their father, so they granted nothing, and no trust of course, express, or resultant, could be charged against the parent nor impressed upon the land under these circumstances.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.