[Civ. No. 3887.  Second Appellate District, Division One.—May 24, 1922.]

## S. H. RAMSEY, Respondent, v. NELLIE IRENE CHILSON, Appellant.

[1] VENDOR AND VENDEE — EXECUTION OF CONTRACT — AUTHORITY OF THIRD PARTY—ABSENCE OF ESTOPPEL.—An owner of real property is not estopped from denying the authority of her son to execute a contract for the sale of the property on her behalf, or from denying her execution of the contract by reason of the fact that the contract was prepared by her son in the presence of herself and the proposed purchaser and that when changes therein suggested by her were made it was read to and understood by her, where the son was without written authority and the purchaser had knowledge of the ownership.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Reversed.

The facts are stated in the opinion of the court.

Halsey W. Allen for Appellant.

W. C. Shelton and James R. Choate for Respondent.

SHAW, J.—Action to enforce the specific performance of a contract whereby it is alleged defendant agreed to sell to plaintiff lot 12, Loma Vista Tract, in the city of Redlands. Judgment went for plaintiff, from which defendant has appealed.

The complaint alleges that on July 3, 1920, D. A. Chilson was the duly authorized agent of defendant, and that as such agent he entered into a written agreement with plaintiff, a copy of which is as follows:

"7/3/20.

"I, the undersigned, agree to sell to S. H. Ramsey the property at 417 Eureka St. for a consideration of ($2850.00) Twenty-eight hundred and fifty dollars, free of all encumbrances. Having received this day his check for $100.00 One hundred dollars as deposit on sale. House to be vacated for him inside of three weeks or four.

"Signed  D. A. CHILSON."

57 Cal. App.—50

That said agreement was written and signed by D. A. Chilson in the presence of defendant, who represented that he was her agent and authorized to sell the property; that plaintiff accepted the same and paid defendant $100 on account of the purchase price of the property; followed by an allegation of a tender of the balance of the purchase price made by plaintiff, together with other allegations necessary in stating a cause of action for specific performance. By her answer defendant denied the execution of the contract or that D. A. Chilson was her agent or that she represented that he was authorized to act for her in selling the property or that the contract was executed by him at her request or that plaintiff paid to her any sum on account of the purchase price.

In response to the issues made by the pleadings, the court found: "That, although the said D. A. Chilson, the said agent of defendant, was not authorized in writing to act as the agent of said defendant in the sale of said property, nevertheless the said defendant is estopped to deny said agency of the said D. A. Chilson, and that the said contract entered into by the said defendant through the agency of her son, D. A. Chilson, is a valid and binding agreement on her part to sell and convey the said property to the said plaintiff on the above-mentioned terms and conditions; that the said contract between the said defendant and plaintiff was prepared by defendant's son and agent, in the presence of the said defendant and in the presence of the said plaintiff; that the said contract was read to the said defendant and the contents thereof understood by her; that the said defendant dictated that the said contract be changed providing for possession of the said premises to be given in four weeks instead of three weeks; that by her conduct the said defendant represented to the said plaintiff that her son was duly authorized to represent her in the sale of the said property." It is apparent from this mixed finding of fact and law that the court based the judgment upon its conclusion that defendant was estopped from denying D. A. Chilson's authority to sell the property, and not upon the fact that he had authority so to do which could only be conferred by a written instrument, as provided by subdivision 5, section 1624 of the Civil Code. The only findings of fact upon which to base the conclusion

that defendant by her conduct represented that D. A. Chilson was authorized to execute the contract for her and by reason of which she is estopped from denying such authority are as follows: "That the said contract between the said defendant and plaintiff was prepared by defendant's son and agent, in the presence of the said defendant and in the presence of the said plaintiff; that the said contract was read to the said defendant and the contents thereof understood by her; that the said defendant dictated that the said contract be changed providing for possession of the said premises to be given in four weeks instead of three weeks."

[1] Assuming the truth of these findings, they are entirely consistent with the fact that the agreement as prepared was with the intention that, if satisfactory to defendant, she, as owner of the property, would execute it. The fact that plaintiff and defendant were present while a third party reduced a proposed agreement to writing for execution; that defendant as owner of the lot suggested changes in the contract, which were made, and as thus prepared it was read to her and she understood its contents, are not sufficient to either confer authority upon such third party, acting in his own name, to sell her property, nor to estop the owner thereof from denying her execution of the contract. This conclusion is emphasized by the fact that, according to the testimony of both plaintiff and his wife, they knew defendant was the owner of the property, and are presumed to know that without her signature a contract for the purchase thereof was invalid and of no binding force; and also knew that the writing of the contract was objected to by defendant, who, according to plaintiff's testimony, said to her son, "I don't believe you ought to do that." Upon the meager facts found, to hold that defendant is estopped from denying the execution of the contract by her would be tantamount to a nullification of the statute made for the protection of those who hold estates in land. As was well said by the supreme court in *Davis* v. *Davis,* 26 Cal. 23 [85 Am. Dec. 157]: "The doctrine of estoppel *in pais* should not be too readily extended when the effect of it is to divest men of their estates in lands. It should be remembered that we have a statute which makes a writing essential to the assignment or creation of an estate in real property, and that one of the objects of

such statute was to render estates secure." Moreover, estoppel is never intended to work a gain to a party; its office is to protect him from a loss which, but for the estoppel, he could not escape. (*Conway* v. *Supreme Council,* 137 Cal. 384 [70 Pac. 223]; *Scott* v. *Jackson,* 89 Cal. 258 [26 Pac. 898].) In the instant case plaintiff has incurred no loss. As shown by the testimony, the check for $100 was not given, as found by the court, to defendant, but was made payable to and given to D. A. Chilson on account of the purchase price. It was never delivered to defendant and was never presented for payment, but tendered back to plaintiff and, upon his refusal to accept it, the same was deposited in court to abide the result of the litigation. It is conceded that Chilson had no written authority under which, as provided by the statute, he could bind defendant by the contract made in his own name, and both complaint and findings are barren of any facts essential to an estoppel, without which there is nothing upon which the court could base its conclusion. While the court finds that defendant by her conduct represented to plaintiff that Chilson was authorized to act for her, there is nothing, other than as stated, to show the acts by which defendant manifested such conduct. As said in *Fritz* v. *Mills,* 12 Cal. App. 113, 118 [106 Pac. 725, 727], "we are left entirely at sea as to what facts the court considered as constituting the estoppel," or exhibiting the conduct of defendant. Moreover, an estoppel always rests, not alone upon the wrong done, but upon the inequity of permitting the wrongdoer to take advantage of that wrong to the injury of another relying upon and who is *entitled to rely* upon the wrongdoer's conduct. (*Williams* v. *Williams,* 170 Cal. 625 [151 Pac. 10].) As hereinbefore stated, it appears from plaintiff's own testimony that he knew the property which he was purchasing from D. A. Chilson was owned by his mother, the defendant, whose signature to the contract, if she were willing to execute it, he might easily have secured; hence he was not misled as to the ownership, nor, under the facts found, entitled to rely upon defendant's acts as showing that D. A. Chilson was authorized to sell her property.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.