[S. F. No. 3784. Department One.—November 18, 1904.]

In the Matter of the Estate of W. B. SHIVELY, Deceased. DAN SHIVELY and WILLIAM B. SHIVELY, Administrators, Appellants, v. R. L. HARRIS et al., Creditors, Respondents.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNTS OF ADMINISTRATORS—PAYMENTS UPON AUTHORIZED MORTGAGE—PROBATE HOMESTEAD.—Where the court had authorized a mortgage upon the real estate of a decedent the proceeds of which were used in paying debts and expenses of administration, and, subsequent to the mortgage, had set apart a probate homestead out of a portion of the mortgaged premises, the administrators had the right to apply the whole of the proceeds of the sale of the residue of the mortgaged premises toward the payment of the mortgage on the probate homestead; and it was error for the court to refuse to allow credit therefor in the final account of the administrators.

ID.—DUTY OF COURT AS TO PROBATE HOMESTEAD—UNENCUMBERED REAL ESTATE.—It was the duty of the court, before the property was mortgaged, to set apart a probate homestead from the unencumbered real estate, regardless of the creditors of the estate, which could not afterward be mortgaged. A mortgage mistakenly authorized thereon should be paid out of moneys realized from the sale of other property belonging to the solvent estate.

ID.—CHARGE UNSUSTAINED BY EVIDENCE—OPINION OF JUDGE.—Where a charge against the administrators for rent received was unsustained by evidence appearing in the record, it must be deemed erroneous. The opinion of the judge giving his reasons for the charge, tending to justify it, is not evidence, and is no part of the record.

ID.—ACCOUNT NOT EVIDENCE—NEGLECT OF APPELLANT—PRESUMPTION.—
The account of the administrators is not evidence as to contested
items; and where the appellant has not pointed out the evidence
as to items charged or items disallowed as credits, it must be pre-
sumed that the evidence sustains the items charged, and does not
sustain the items disallowed.

APPEAL from an order of the Superior Court of Hum-
boldt County settling the final account of administrators.
G. W. Hunter, Judge.

The facts are stated in the opinion.

Henry L. Ford, and J. S. Burnell, for Appellants.

J. N. Gillett, for Respondents.

COOPER, C.—This is an appeal by the administrators of
the above estate from an order settling their final account.
Several items were charged to the administrators or disal-
lowed, which are the subjects of controversy here.   These
items we will dispose of in the order presented.

1. The first is the sum of $535.29 which the court ordered
charged to the administrators.   Pending the administration
of said estate, the administrators, by authority of the court,
executed a mortgage to the Savings Bank of Humboldt
County for the sum of eighteen hundred dollars.   The code
authorizes such mortgage to be made when it appears to the
court to be for the advantage of the estate.   (Code Civ. Proc.,
secs. 1577, 1578.)   The administrators credited the estate
with the eighteen hundred dollars, and the same was evi-
dently used in paying the debts and expenses of administra-
tion.   The mortgage covered about fourteen acres of land,
which was afterwards sold to one French, and also about one
hundred and twenty-two acres, which was, subsequent to the
execution of the mortgage, set aside by the court as a pro-
bate homestead for the minor children.   The fourteen-acre
tract, not included in the homestead, was afterwards sold to
one French for seven hundred and fifty dollars.   The bank
demanded the payment of six hundred and fifty dollars of
the seven hundred and fifty dollars before it would release
the fourteen acres from the mortgage, which was accordingly
paid to the bank.   The court refused to allow the item to any
CXLV. Cal.—26

greater extent than $114.71, "that sum being the relative proportion that the mortgage on the homestead bore to the mortgage on the fourteen acres sold according to their respective values." There is no claim made that the administrators received the $535.29, but it is claimed, and the trial court held, that they could not apply it on the mortgage, upon the theory that the moneys of the estate could not be used for the purpose of paying off an encumbrance upon a probate homestead. In this we think the learned judge was in error. The homestead had been encumbered by the administrators for the benefit of the estate. The money obtained by the mortgage became assets of the estate. The administrators had the right to use the money of the estate for the purpose of paying its debts. Suppose they had borrowed the eighteen hundred dollars on their own responsibility and credited the estate with it, using it for paying the debts of the estate,— does any one doubt that they could have paid themselves from the proceeds of the sale of the fourteen acres as far as it would go? The code (Code Civ. Proc., sec. 1465) provides that where no homestead has been selected and recorded by the deceased that the court "must select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife and the minor children."

The above section is imperative, and the court has no discretion in the matter. (*Estate of Ballantyne,* 45 Cal. 696; *In re Davis,* 69 Cal. 458.) It was then the duty of the court in this estate, before the property was mortgaged, to set apart a homestead from the unencumbered real estate, and this regardless of creditors of the estate. The homestead laws are to be liberally construed with a view of securing shelter, care, and support for the widow and minor children. If the court in this case had set apart the homestead before the mortgage was executed, it would have ceased to be assets of the estate, and could not afterwards have been mortgaged by the administrators. The court would have had the right to set aside the one hundred and twenty-two acres unencumbered as a homestead, and to have ordered the fourteen acres, sold. It certainly had the right to allow the proceeds of the fourteen acres to be used to assist in paying off the encumbrance which it had authorized on the homestead. There is no question as to creditors involved. The estate is solvent, and the

administrators cannot be allowed to deprive the minor children of a homestead because the court authorized· a mortgage upon it, when it would not have done so if the facts had been called to its attention.

In case the mortgagee had brought suit to foreclose the mortgage the parties owning the homestead would have had the right to a decree that the land not included in the homestead be first sold and the proceeds applied toward the satisfaction of the mortgage debt, and if the proceeds had been sufficient to pay off the mortgage to have the homestead premises freed of the encumbrance.

The *Estate of Huelsman,* 127 Cal. 275, is not in conflict with what has been said. In that case the lien of the mortgage upon the property set apart as a homestead existed at the death of the deceased. The court therein properly held that there is no provision for paying off liens on probate homesteads, but it was speaking of liens that existed at the death of deceased. It did not hold that the administrators could not pay off liens on a probate homestead, which they, of their own volition, contrary to the spirit and intent of the law, had placed there.

2. The court ordered the administrators to be charged with "$100, rent received from W. B. Meakin." Appellants call our attention to the evidence of Daniel Shively, one of the administrators, that neither he nor his co-administrator had received from Meakin any other sums than stated in the account. Respondents have not called our attention to any evidence in support of the ruling on this item, nor have we been able to find any. There are certain reasons given in the opinion of the trial judge which would tend to justify his action, but the opinion is not evidence, and is no part of the record. Regarded as a brief, it does not point out any evidence to justify the decision as to this item. Therefore the court erred in charging the administrators with this one hundred dollars.

3. The court directed that the administrators be charged with two hundred and fifty dollars as stumpage for pepperwood logs, and twenty-five dollars as stumpage for redwood taken for shingle-bolts, taken by the administrators off lands of the estate. The evidence supports the action of the court in this regard. It seems that the court exercised its

discretion in favor of the administrators as to the amount of the stumpage and the price in each case, and its action must be upheld as to these items.

4. It is said: "The court erred in finding that the administrators sold a horse for the sum of $50, and did not account for the same." As the appellant has not pointed out the evidence as to this item, we do not deem it our duty to search through the record for it. We will presume that the evidence sustains the finding as to this item.

5. The items "by cash paid for clothes and maintenance of Maud E. Shively, a minor, $100, and Earnest E. Shively, a minor, $18," were disallowed by the court. It is not pointed out as to why these items should have been allowed, nor is our attention called to the evidence to justify them. The pages and folios of the transcript to which our attention is called only show that the items were included in the account, but the account is not evidence as to contested items.

The decree should be modified, in accordance with what has been said as to the "item of $535.29" and as to the item of "$100, rent from Meakin," and the administrators credited with said items, and as so modified affirmed. Appellants to recover their costs on this appeal.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the decree is modified in accordance with what has been said as to the item of $535.29 and as to the item of one hundred dollars, rent from Meakin, and the administrators credited with said items, and as so modified affirmed. Appellants to recover their costs on this appeal.

Angellotti, J., Shaw, J., Van Dyke, J.