[Civ. No. 331.  Third Appellate District.—November 16, 1907.]

In the Matter of the Estate of NICHOLAS CHARLES CLAVO, Deceased.  JOHN CLAVO, Heir and Devisee, Appellant, v. ANN CLAVO, Second Wife of Deceased, Respondent.

HOMESTEAD—SEPARATE PROPERTY OF HUSBAND—SURVIVORSHIP—EX-
EMPTION FROM FORCED SALE—TITLE—CESSATION OF HOMESTEAD.—
Where a homestead was declared by a husband and his former wife upon his separate estate, in the event of her death, the legal title to the homestead vested absolutely in the husband, carrying with it, however, the immunity, for his sole benefit, of exemption from forced sale, which immunity affected not the title, but merely

the enjoyment of it, and in all other respects the homestead ceased to exist.

ID.—SECOND WIFE—NEW DECLARATION OF HOMESTEAD—SURVIVORSHIP OF WIFE—ASSIGNMENT OF HOMESTEAD OUT OF ESTATE.—The sole privilege of exemption of the homestead from forced sale enjoyed by the husband after the death of the former wife could not inure to the benefit of his second wife, and it was proper that a new declaration of homestead should be made by them, and in case of her survivorship, she is entitled to have the new homestead set apart to her absolutely out of the estate of the deceased husband.

APPEAL from an order of the Superior Court of Solano County setting apart a homestead to the widow out of the estate of her deceased husband.   L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

O. B. Gentry, and Bell & York, for Appellant.

A homestead once lawfully created can only be abandoned in the manner pointed out in sections 1243 and 1246 of Civil Code.   (*Simonson* v. *Burr*, 121 Cal. 582, 54 Pac. 87; *Freiermuth* v. *Steigleman*, 130 Cal. 392, 80 Am. St. Rep. 138, 62 Pac. 615; *Payne* v. *Cummings*, 146 Cal. 426, 106 Am. St. Rep. 47, 80 Pac. 620; *Tipton* v. *Martin*, 71 Cal. 327, 12 Pac. 244; *Lubbock* v. *McMann*, 82 Cal. 226, 16 Am. St. Rep. 108, 22 Pac. 1145.)   The death of the former wife did not in any manner alter the state or character of the homestead originally declared by the husband and such wife.   (*Sanders* v. *Russell*, 86 Cal. 120, 21 Am. St. Rep. 26, 24 Pac. 852; *Tyrrell* v. *Baldwin*, 78 Cal. 470, 21 Pac. 116; *Estate of Ackerman*, 80 Cal. 208, 13 Am. St. Rep. 116, 22 Pac. 141; *Dickey* v. *Gibson*, 113 Cal. 30, 54 Am. St. Rep. 321, 45 Pac. 15; *Robinson* v. *Dougherty*, 118 Cal. 300, 50 Pac. 649; *Estate of Fath*, 132 Cal. 612, 64 Pac. 995.)   A party cannot have two homesteads, and if he attempts to acquire a second while the first is in force, the attempt is void.   (*Waggle* v. *Worthy*, 74 Cal. 268, 5 Am. St. Rep. 440, 15 Pac. 831.)   Upon the death of Nicholas Charles Clavo, the property set apart to Ann Clavo vested in the heirs and devisees mentioned in her last will as successors to the homestead first declared.   (*Estate of Fath*, 132 Cal. 610, 64 Pac. 995; *Estate of Tittle*, 139 Cal. 149, 72 Pac. 909; *Dam* v. *Zirk*, 112 Cal. 91, 44 Pac. 331; *Lee* v. *Murphy*, 119 Cal. 364, 51 Pac. 549, 955.)

Kierce & Gillogley, Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

Sections 1243 and 1244 of the code, as to abandonment of a homestead, are inapplicable to the case. The question here is one of survivorship, and rights attending the same. (*Graham* v. *Stewart,* 68 Cal. 394, 9 Pac. 555; *Dickey* v. *Gibson,* 113 Cal. 26, 54 Am. St. Rep. 321, 45 Pac. 15; *Estate of Fath,* 132 Cal. 610, 64 Pac. 995; *Weinrich* v. *Hensley,* 121 Cal. 653, 54 Pac. 254; *In re Croghan,* 92 Cal. 370, 28 Pac. 570; *Merced Bank* v. *Rosenthal,* 99 Cal. 48, 31 Pac. 849, 33 Pac. 732.)

BURNETT, J.—The appeal is from an order setting aside absolutely to Ann Clavo, widow of the deceased, certain property as and for a homestead.

Two declarations of homestead upon the same property appear in the transcript; one executed jointly by Clavo and a former wife in 1877 upon the property as his separate estate, and the other executed by Clavo alone in 1880 after the death of his said former wife and his marriage to Ann Clavo, respondent herein.

Four propositions are submitted by appellant to which brief consideration will be given.

1. It is clear that we are not concerned about the construction of sections 1243 and 1244 of the Civil Code as the question of abandonment of the homestead is not involved.

2. It is urged that a party cannot have two homesteads, and if he attempts to acquire a second while the first is in force the second is void. This is announced in *Waggle* v. *Worthy,* 74 Cal. 268, [5 Am. St. Rep. 440, 15 Pac. 831], and it is undoubtedly sound as applied to the facts of that case.

It was there correctly held that "the removal of a party from premises on which he has declared a homestead after a void execution sale thereof, and his surrender of the possession to the execution purchaser, do not constitute an *abandonment of the homestead,* within the meaning of section 1243 of the Civil Code, so as to enable him to declare a second homestead on other land."

But as will be seen hereafter the proposition has no material bearing upon the determination of the question at issue here.

3. We think appellant is not entirely accurate in the statement that "the death of Petronella Clavo, the first wife, did

not in any manner alter the state or character of the homestead declared August 21, 1877,'' although admittedly after her death the property continued to retain certain characteristics of a homestead.

In *Tyrrell* v. *Baldwin,* 78 Cal. 470, [21 Pac. 116], it was held that ''a homestead selected from community property vests absolutely in the survivor on the death of either spouse, and is not subject to forced sale for the subsequent debts of the survivor.''

The question involved in the matter of the *Estate of Ackerman,* 80 Cal. 208, [13 Am. St. Rep. 116, 22 Pac. 141], was whether the surviving husband was entitled to have a homestead set apart to him out of the separate property of the estate of his deceased wife, when at the time of her death they were occupying other and community property which was impressed with the character of a homestead. Although not necessary to the decision, it was stated broadly that ''The death of one of the spouses did not alter in any way the estate or character of the homestead.''

The same statement is made in *Sanders* v. *Russell,* 86 Cal. 119, [21 Am. St. Rep. 26, 24 Pac. 852].

In *Dickey* v. *Gibson,* 113 Cal. 30, [54 Am. St. Rep. 321, 45 Pac. 15], the rule seems to be more accurately declared as follows: ''In the hands of the survivor the homestead is protected against enforced sale, precisely as before it had been protected to the community by its homestead character. . . . By the death of the first wife the homestead property vested absolutely in the surviving husband. As far as the legal title is concerned, it vested in him as fully and perfectly as though no homestead had ever been carved out of it. The limitations and immunities which accompanied the enjoyment of the property under such title modified not the title but its enjoyment, and were only such as the statute imposed.

''Save as to these limitations and immunities, the homestead ceased to exist.''

In *Payne* v. *Cummings,* 146 Cal. 432, [106 Am. St. Rep. 47, 80 Pac. 620], it is said: ''The interest of plaintiff in the property after his wife's death became something different and greater than it was in her lifetime. He had then not only the absolute title, but also the absolute right of exemption in the property from all former debts, as well as the right to dispose of it in any way he saw fit.''

But the result must be the same, as we shall presently see, whether we regard the first or the second declaration as the decisive factor in determining the status of the property at the time of Clavo's death.

4. The vital question is that presented by the fourth proposition of appellant that "upon the death of Clavo the property vested in his heirs and devisees."

This contention is diametrically opposed to the provisions of the statute and the decisions of the supreme court.

It is based upon the language of section 1265 of the Civil Code, which is as follows: "From and after the time the declaration is filed for record, the premises therein described constitute a homestead. If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor; . . . in other cases upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent."

If the foregoing were the only provision on the subject, we could not escape the conclusion reached by appellant, but section 1474 of the Code of Civil Procedure was amended in 1880 so as to read: "If the homestead selected by the husband and wife or either of them, during their coverture, and recorded while both were living was selected from the community property *or from the separate property of the person selecting or joining in the selection of the same,* it vests, on the death of the husband or wife, absolutely in the survivor."

If the sanction of judicial interpretation of said provisions be needed, we find it in the case of *In re Croghan,* 92 Cal. 371, [28 Pac. 570], wherein it is said: "But the contention of appellants is that it should have been set apart to the widow only for a limited period, after which it should go by operation of law to the appellants as heirs. The facts upon which this contention rests are these: 1. The said homestead was the separate property of the deceased; and 2. The declaration of homestead was made by the deceased himself.

"Upon these facts we are clear that the homestead vested absolutely in the widow as survivor."

In *Weinreich* v. *Hensley,* 121 Cal. 653, [54 Pac. 254], it is said: "The devolution of the title to the homestead premises in case of the death of one of the spouses is provided for in

section 1265 of the Civil Code, and also in section 1474 of the Code of Civil Procedure. The latter section was amended ten days later than the section of the Civil Code, and is to be regarded as the latest expression of the legislative will.''

It is true that both declarations here were filed prior to the time when said amendment went into effect, but this is of no importance, as ''the descent of the property is governed by the law in force at the death of the husband.'' (*Tyrrell* v. *Baldwin*, 78 Cal. 470; *Estate of Fath*, 132 Cal. 612, [64 Pac. 995].)

If appellant is right in his contention that the property remained impressed with the character of a homestead by virtue of the first declaration, and its status in that regard was not altered or affected in any manner by the death of the former wife, then, of course, it is clear that the second declaration was ineffective for any purpose, and the conclusion also follows that said homestead would inure to the benefit of the members of the second community and on the death of the husband would vest absolutely in the widow.

But the correct view seems to be as follows: The declaration of homestead under the circumstances shown here is for the joint benefit of the spouses.

The obvious intent, indeed, of the homestead act is to secure to every householder or head of a family a home where the family may be sheltered and live beyond the result of those financial misfortunes which even the most prudent and sagacious cannot always avoid. Thus the word itself ordinarily indicates that there must be a family. (*McCanna* v. *Anderson*, 6 N. Dak. 482, [71 N. W. 769].)

To constitute a homestead with all its attributes as contemplated by the statute, it must be occupied as a home by the family except in the single instance provided by the statute for a declaration by one who is not the head of a family.

Upon the death of the first wife the title to the property became vested absolutely in the husband, and he was clothed with complete dominion over it, but by virtue of the statute it still retained some characteristics of a homestead, among them being exemption from execution.

While that exemption continued he could not select another and different homestead.

But the title having vested completely in the husband upon the death of his wife, the property could not, in the very

nature of the case, continue as a homestead for the benefit of the second community.

The unqualified title of one of the spouses to the property is inconsistent with the existence of a homestead for the benefit of both.

After his second marriage, in order to clothe the property with all the attributes of a community homestead, it was necessary for the husband to file another declaration.

This he did as he had a right to do, and the effect of it was that upon his death the property vested absolutely in his widow as it would have vested in the former wife under the first declaration if she had survived him.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.