[S. F. No. 5595.   Department Two.—March 8, 1912.]

MICHAEL WALL et al., Appellants, v. THOMAS BROWN, Individually and as Administrator of the Estate of Alice Brown, Deceased, Respondents.

HOMESTEAD—STATUS OF PROPERTY AT TIME OF SELECTION DETERMINES RIGHT OF SURVIVING SPOUSE—COMMUNITY AND SEPARATE PROPERTY. —Under section 1474 of the Code of Civil Procedure and section 1265 of the Civil Code, the right to have property upon which a homestead has been impressed vest absolutely in the surviving spouse depends upon the character of the property at the time the homestead upon it is selected. If the homestead was selected from the community property or from the separate property of the person selecting or joining in the selection of the same, it vests absolutely in the survivor. It vests otherwise, if selected under certain conditions, from the separate property of either spouse.

ID.—HOMESTEAD ON COMMUNITY PROPERTY—DEED OF GIFT OF UNDIVIDED INTEREST TO WIFE—RIGHT OF SURVIVORSHIP NOT IMPAIRED.—Where a homestead is declared by the wife upon community property, and thereafter the husband makes a deed of gift of an undivided interest in the land to his wife, the interest conveyed vests in her as her separate property. Such a conveyance, however, does not have the effect to impair the homestead or to destroy the right of survivorship created thereby to the extent of the property conveyed.

ID.—HOMESTEAD DISTINCT FROM LEGAL TITLE.—The homestead is something distinct from the legal title. It qualifies and limits the right of the owner of the title for the benefit and protection of both spouses while living, and to insure future protection to the survivor.

ID.—ENTIRE PROPERTY VESTS IN HUSBAND UPON DEATH OF WIFE.— After such deed of gift to the wife, the homestead, which she had theretofore impressed on the whole property while it was community property, is not, as to the interest conveyed to her, to be deemed and treated as if selected from her separate property without her consent, and as vesting on her death in her heirs, under the provisions of section 1474 of the Code of Civil Procedure. On the contrary, upon the death of the wife, the whole of the property impressed with the homestead vested absolutely in the surviving husband.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Stafford & Stafford, and H. I. Stafford, for Appellants.

R. W. Gillogley, and Kierce & Gillogley, for Respondents.

LORIGAN, J.—This is an action brought by the plaintiffs, as heirs at law of Alice Brown, deceased, to quiet title to an undivided one-fourth interest in a certain lot of land in the city and county of San Francisco, to which, in his answer, the defendant, Brown, asserted sole ownership.

The case was tried on stipulated facts. Thomas Brown, the defendant, and Alice Brown, deceased, were husband and wife, and on May 26, 1876, said Thomas Brown acquired title to the lot in question as community property. On June 26, 1885, said Alice Brown filed a valid declaration of homestead on this property which was never abandoned. On October 24, 1901, Thomas Brown made a deed of gift to his said wife, conveying to her an undivided one-half interest in and to said lot, which deed was duly recorded, and said Alice Brown continued to own said undivided interest up to the time of her death. She died intestate on October 24, 1902, leaving as her heirs at law her husband and the plaintiffs, her brothers and sister. Thomas Brown was appointed administrator of her estate and on a petition filed by him setting forth the fact that the declaration of homestead was filed on the property by Alice Brown in her lifetime, the court, on April 9, 1903, made a decree in the matter of her estate setting aside the property to him as a homestead. Subsequently, the estate of Alice Brown was settled and closed, but no distribution was made of the undivided interest in the lot acquired by her under the deed from Thomas Brown. This property was not referred to either specifically or generally in the decree.

Upon these stipulated facts the court held as a conclusion of law that upon the death of Alice Brown the title to the entire lot in controversy vested absolutely in her surviving husband, and entered a decree accordingly, from which these plaintiffs appeal.

The real question presented here is, Did the deed from Thomas Brown to his wife of an undivided one-half interest in the community property, theretofore impressed with the homestead, defeat his right to have the whole property on

the death of his wife descend absolutely to him, or did her heirs take the interest conveyed by him to his wife, subject to the right of the court to set it apart to the husband as a portion of the homestead premises for a limited time?

Section 1474 of the Code of Civil Procedure provides that: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of the husband or wife, absolutely in the survivor. If the homestead was selected from the separate property of either the husband or the wife, without his or her consent, it vests on the death of the person from whose property it was selected, in his or her heirs, subject to the power of the superior court to assign it for a limited period to the family of the decedent." Section 1265 of the Civil Code is practically the same as far as it affects the present question.

It will be observed from a reading of the sections referred to, and this is to be borne in mind in considering the question here involved, that the right to have property upon which a homestead has been impressed vest absolutely in the surviving spouse, is made to depend upon the character of the property at the time the homestead upon it is selected. If the homestead "was selected from the community property or from the separate property of the person selecting or joining in the selection of the same," it vests absolutely in the survivor. It vests otherwise, if selected under certain conditions, from the separate property of either spouse.

The homestead here under consideration was selected by the wife from the community property, and hence under the code provision absolute ownership in the whole property impressed with the homestead became vested in Thomas Brown on the death of his wife as survivor, unless, as contended by appellants, that right of survivorship was destroyed as to an undivided one-half interest in the homestead property by the conveyance thereof from him to his wife after the homestead was selected.

The position of appellants is that the deed from Brown to his wife destroyed the character of the property as community property, and so far as the interest conveyed to her is con-

cerned she held that interest thereafter as her separate property.

There can be no question under the decisions of this state, but that the effect of the deed to her by her husband was to vest in her the interest conveyed as her separate property.

But it does not follow because a conveyance is made by the husband to the wife of an interest in the community property impressed with a homestead that the homestead is impaired or the right of survivorship created thereby is to the extent of the property conveyed destroyed. The homestead is something distinct from the legal title. It qualifies and limits the right of the owner of the title for the benefit and protection of both spouses while living, and to insure future protection to the survivor. A conveyance of the community property to the wife does not affect any of the characteristics incident to the homestead itself. It affects only the title to the property which has been so impressed; what was community property when the declaration was filed becomes by the conveyance her separate property, but though the character of the title is changed, this does not affect the homestead, but the title is taken subject to it.

It is contended, however, by appellants that after the deed to the wife, the homestead which she had theretofore impressed on the whole property while it was community property is, as to the interest conveyed to her, to be deemed and treated as if selected from her separate property without her consent, and as vesting in her heirs under the provisions of section 1474 of the Code of Civil Procedure on her death. In support of this contention reliance is placed on the cases of *Burkett* v. *Burkett*, 78 Cal. 310, [12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 715], and *In re Lamb*, 95 Cal. 397, [30 Pac. 568]. But in the former case the court was not considering a homestead selected from community property, or the effect on the right of survivorship of a conveyance by the husband subsequently made to the wife of such property. The parties in the Burkett case had been husband and wife. During coverture the husband had declared a homestead on his separate property and thereafter conveyed it to his wife. Subsequently his wife obtained a decree of divorce, but there was no adjudication as to property-rights. Plaintiff, after the divorce decree had been en-

tered brought an action against his wife to quiet title to the property covered by the homestead. The trial court made a decree in favor of plaintiff, holding that the deed to his wife of the homestead property was void. On appeal here it was held that the deed to the wife was valid and conveyed the property to her subject to the homestead. But the question which the court was considering there was as to the disposition to be made of homestead property upon a decree of divorce, under subdivision 4 of section 146 of the Civil Code, which provides that "If a homestead has been selected from the separate property of either, it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the innocent party."

No question was involved as to what was the effect of the conveyance of the husband to the wife on the homestead previously declared. The section referred to had reference only to the disposition upon a divorce of separate property upon which a homestead was impressed. Under that section it is immaterial who of the spouses makes the declaration, and the right on a divorce to have the property assigned freed from the homestead, or subject to be set apart to the innocent spouse for a limited period, does not in the least depend upon who made the declaration or who owned the separate property when the homestead declaration was made, but upon the question as to who was the owner° of the property when the divorce proceedings were instituted or the divorce decree rendered. In disposing of separate property in a divorce decree, even though it has been impressed with the homestead character the subdivision of the section referred to requires it to be assigned to the "former owner of such property," and the former owner under the section is the spouse in whom the title is vested as separate property, when the divorce proceedings are inaugurated, not the one in whom the title as separate property was vested at the time the homestead was selected. This is the extent of the ruling of this court in the Burkett case, for it is said in the opinion (78 Cal. 316, [12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 718]) : "We pass to the question as to the effect of the divorce upon the title. At the time the divorce proceeding was instituted and the decree rendered therein, the property was a homestead upon the separate property of the wife by virtue   ·

of the declaration by the husband and his subsequent conveyance to her. . . . The husband having conveyed the property to the wife by a valid deed prior to the commencement of the divorce suit, she must be regarded as the 'former owner' under this section and entitled to the property subject only to the power of the court to set aside the same to her husband for a limited time if he appeared to be the innocent party."

A careful consideration of the above case relied on by appellants shows that the construction of the section as to the disposition of separate property in an action of divorce was the sole points involved and has no bearing on the position taken here by appellants that the effect of the deed from Brown to his wife was to destroy the right of survivorship created by the filing of a declaration by her when the property was community property. The court in that case was not considering a homestead selected from community property or whether the right of survivorship therein was affected by a subsequent conveyance by the husband to the wife.

Nor is the case of *In re Lamb,* 95 Cal. 397, [30 Pac. 568], in point. In that case the wife had filed a homestead declaration on one hundred and sixty acres of land which was the *separate* property of her husband. He subsequently conveyed fifty acres of the tract to his wife, thereby constituting that portion her separate property. The wife died and the superior court in the matter of her estate set apart the whole one hundred and sixty acres, including the portion deeded to the wife, absolutely to the husband as a homestead. Her heirs appealed from the order as far as it affected the fifty acres, and this court held that the superior court erred in setting apart absolutely to the husband this fifty acres conveyed to his wife in her lifetime and which constituted her separate property. After quoting section 1474 of the Code of Civil Procedure, the court said: "It will be observed that in order to bring a homestead within the provisions of this section so that upon the death of one spouse 'it vests absolutely in the survivor,' it must be made to appear that it was selected from the community property in the first instance 'or from the separate property of the person selecting or joining in the selection of the same.' . . . The land in controversy was not community property at the date when the deceased made and

recorded her declaration claiming the same as a homestead, but it was the separate property of the petitioner. . . . It only remains to consider the nature of the homestead so far as it affects the fifty acres of which deceased was the owner. Can it be said in view of the facts as we have stated them that this homestead was selected by her from her separate property within the meaning of section 1474 of the Code of Civil Procedure? It is clear to us that this question must be answered in the negative. It is true, the declaration of homestead was made and recorded by her, but this was at a time when all of the land in controversy was the separate property of her husband, the petitioner, and the subsequent acquisition by her of the title to fifty acres thereof as her separate property did not have the effect to change the prior declaration into a selection by her of a homestead from her separate property. When the statute speaks of the selection of a homestead 'from the separate property of the person selecting or joining in the selection of the same,' it has reference to the *status* of the property as separate property at the time when the selection is made; for only in such case can there be properly imputed to the person making the selection an intention to dedicate his or her property for homestead purposes, and thus to vest in the other spouse an estate therein, which, upon the contingency of survivorship, will ripen into an absolute title to the land so dedicated. . . . It follows from these views, that the court erred in setting apart to petitioner absolutely, and as his property, the fifty acres which he conveyed to his wife in her lifetime. Such property is to be treated as if the homestead thereon had been selected without her consent, and as vesting in her heirs, 'subject to the power of the superior court to assign it, for a limited period, to the family of the deceased.' "

But it is to be noted that in this Lamb case the court was considering a homestead originally impressed upon the separate property of the husband by the wife. It was not dealing with a homestead selected by the wife from the community property and the effect on the right of survivorship in the husband of a subsequent conveyance to the wife of such property as her separate estate. It was dealing with a homestead selected by the wife from the separate property of the husband, and the effect on survivorship of a conveyance of

such property subsequently made by him to his wife, and applying the provisions of section 1474 to that situation, it was held that to bring a homestead selected. from separate property within the right of survivorship on the death of either spouse, it must appear that the selection was "from the separate property of the person selected or joining in the selection of the same"; that it is the *status* of the property as separate property at the time when the selection is made and by whom made that controls; that the selection by the wife of a homestead from property which, when the selection was made, was the separate property of her husband, did not have the effect as to the fifty acres which was subsequently conveyed to her as her separate property of changing the prior declaration made by her on his separate property into a selection by her of a homestead from the separate property so acquired by her; that such property, after the conveyance to her, is to be treated as if the homestead upon it had been selected without her consent and, under section 1474, vested in her heirs.

But not only do the Burkett and the Lamb cases, for the reasons we have pointed out, furnish no support to the claim of appellant, but the construction given to section 1474 in the Lamb case supports the contrary view and sustains the judgment of the lower court. The conclusion reached in the latter case was based upon the construction given by the court to section 1474 to the effect that it is the *status* of the property when the homestead is selected which determines whether it vests absolutely in the surviving spouse. Such absolute right was denied the husband in that case as to the portion of the homestead property conveyed by him to his wife subsequent to the filing of the homestead because at the time she impressed the homestead upon the property it was the separate property of her husband and not hers, the court declaring as the plain language of the section itself declares that in order to vest absolutely in the surviving spouse the property upon which a homestead has been selected "it must be made to appear that it was selected from the community property in the first instance or from the separate property of the person selecting or joining in the selection of the same."

In the present case it was the *status* of the property at the time the homestead was declared upon it which determined

whether it vested absolutely in the surviving spouse. It was community property when the wife selected it as a homestead and under the sections of the code, that being its character at that time, the right of the surviving spouse to take the property absolutely attached and the subsequent mutation of title to the homestead property effected by a subsequent conveyance of a portion of it to the wife as her separate property did not affect that right.

The judgment appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.