[Sac. No. 2679. In Bank.—March 28, 1918.]

In the Matter of the Estate of CHRISTIAN BEER, Deceased. EUGENE F. GOODRUM, Appellant, v. WILLIAM SELINER, Respondent.

HOMESTEAD—SEPARATE PROPERTY OF SPOUSE SELECTING OR JOINING IN SELECTION—TITLE OF SURVIVOR.—Under the provisions of section 1265 of the Civil Code and section 1474 of the Code of Civil Procedure, when the selection of a homestead is made by a married person from the separate property of the spouse selecting it, the property, on the death of either spouse, vests in the survivor, and the property so vesting in the survivor does not come to him or her "by descent," or directly from or through the deceased spouse.

ID.—INTEREST OF DECEDENT NOT CAPABLE OF BEING DEVISED.—In such case the deceased spouse at the moment of his or her death has no interest in the property capable of being devised or of passing by succession.

EXECUTORS AND ADMINISTRATORS—RIGHT OF PUBLIC ADMINISTRATOR.— Where in such case the wife selected a homestead from her separate property and died before her husband, and the husband died thereafter, a brother of the deceased wife was not entitled to succeed to the property, and could not legally be appointed administrator in preference to the public administrator.

APPEAL from an order of the Superior Court of San Joaquin County. George F. Buck, Judge.

The facts are stated in the opinion of the court.

Von Detten & Henry, for Appellant.

Lawrence Edwards, and Ben Berry, for Respondent.

ANGELLOTTI, C. J.—Christian Beer died intestate, leaving no wife, issue, father, or mother. There was a contest for letters of administration between the public administrator and William Seliner, a brother of Christian Beer's predeceased wife, Elizabeth S. Beer, who also died intestate. The superior court granted Seliner's petition and the public administrator appeals.

The right of Seliner to letters of administration is dependent upon his right under subdivision 8 of section 1386 of the Civil Code to succeed to property of the decedent as the surviving brother of the predeceased wife of the decedent, he himself not being related by blood to the decedent. (Code Civ. Proc., sec. 1365.) The estate of decedent consists in part of a lot of land with the house thereon in the city of Stockton. This was the separate property of the predeceased wife, who died in the year 1911. In the year 1910, while said property was her separate property, she had duly selected it as a homestead, and, therefore, upon her death, by express provision of the homestead statute, it vested in the surviving husband, the decedent. (Civ. Code, sec. 1265; Code Civ. Proc., sec. 1474.) Seliner's claim of right to succeed to this property is based on a provision of subdivision 8 of section 1386 of the Civil Code, which provides that if any portion of the estate "was separate property of such deceased spouse, while living, *and came to such decedent from such spouse by descent, devise, or bequest,*" such portion shall go to specified relatives of the deceased spouse. Section 1265 of the Civil Code and section 1474 of the Code of Civil Procedure, as they now are, and as they were at the time of the selection of this homestead, both substantially provide that if the selection of a homestead was made by a married person from the community property, or from the separate property of the spouse making the selec

tion or joining therein, the land selected, on the death of either of the spouses, vests in the survivor. The precise question here is whether homestead property so vesting in the survivor of the marriage comes to him "by descent" within the meaning of this provision of subdivision 8 of section 1386 of the Civil Code.

We are of the opinion that this question must be answered in the negative. It seems clear to us that this provision contemplates only such property as comes by will or under the law of succession to the surviving spouse, *directly from and through* the deceased spouse. In view of our decisions as to homesteads selected from the community property or from the separate property of the spouse making the selection or joining therein, the property selected as a homestead does not so come. The character of such a homestead under our law is perhaps nowhere better described than in the opinion of Mr. Justice Lorigan in *Wall* v. *Brown,* 162 Cal. 307, [122 Pac. 478], where, subsequent to the selection of a homestead from the community property, the husband conveyed the property to the wife, and there was a question as to the effect of such conveyance on the homestead. It was said: "But it does not follow because a conveyance is made by the husbank to the wife of an interest in the community property impressed with a homestead that the homestead is impaired or the right of survivorship created thereby is to the extent of the property conveyed destroyed. The homestead is something distinct from the legal title. It qualifies and limits the right of the owner of the title for the benefit and protection of both spouses while living, and to insure future protection to the survivor. A conveyance of the community property to the wife does not affect any of the characteristics incident to the homestead itself. It affects only the title to the property which has been so impressed; what was community property when the declaration was filed became by the conveyance her separate property, but though the character of the title is changed, this does not affect the homestead, but the title is taken subject to it." This means that to the extent provided in the homestead law for the benefit and protection of both spouses while living, and for the benefit and protection of the survivor, the title to the property is at all times subject to the homestead, with the result that upon the death of one of the spouses whatever title he or

she had in the property selected as a homestead is absolutely extinguished by operation of law, the homestead absorbing all of such title. The owner of separate property selected by him or her as a homestead, by the selection impresses the property with the homestead character, dedicates it to this paramount purpose, and the vesting of the title on the death of one of the spouses under the law relative to homesteads is simply in satisfaction of the homestead claim of the survivor. The title to the property does not come to such survivor directly from or through the deceased spouse. It has been substantially said many times by this court that upon the death of the husband or wife it vests absolutely, by operation of law, in the survivor, that the property is never in fact a part of the estate of the deceased spouse, that the court in probate is without power to affect the absolute title vested in the surviving spouse at the moment of the other's death, and that any order setting such property apart as a homestead is not essential to the title of the surviving spouse, and has no other effect than to withdraw it from further consideration by the court and relieve the executor or administrator from further obligation in regard thereto. (See *Estate of Klumpke,* 167 Cal. 420, [139 Pac. 1062] ; *Saddlemire* v. *Stockton Savings etc. Soc.,* 144 Cal. 653, [79 Pac. 381] ; *Hart* v. *Taber,* 161 Cal. 20, [118 Pac. 252] ; *Well* v. *Brown,* 162 Cal. 307, [122 Pac. 478] ; *Estate of Shirey,* 167 Cal. 195, [138 Pac. 994] ; *Williams* v. *Williams,* 170 Cal. 625, [151 Pac. 10].) In such a case the deceased spouse at the moment of his or her death has no interest in the property which is capable of being effectually devised (*Williams* v. *Williams, supra*), or, it would appear to follow, passing by succession, as the term is defined by section 1383 of the Civil Code.

It seems clear that the provision of subdivision 8, section 1386 of the Civil Code, has no application to such a case as is here presented, and that, therefore, Seliner is not entitled to succeed to any portion of the estate of deceased. It follows that he could not legally be appointed administrator in preference to the public administrator.

The order is reversed.    —

Wilbur, J., Richards, J., *pro tem.,* Melvin, J., Victor E. Shaw, J., *pro tem.,* and Sloss J., concurred.