[Civ. No. 4575. First Appellate District, Division Two.—July 9, 1923.]

In the Matter of the Estate of MARIA MENDES, Deceased. FELIP MANDES, Guardian, etc., v. A. R. MENDES, Respondent.

[1] HOMESTEADS—COMMUNITY PROPERTY—TITLE OF SURVIVOR.—Where community property is impressed with a homestead during the existence of the community, upon the death of the husband the title to such property vests in the surviving wife free from all rights of heirs at law of the deceased husband; and upon the death of such surviving wife, the title to such property vests in her heirs at law, subject to debts and expenses of administration, etc., and subject to the right of the probate court to set it apart as a homestead under section 1465 of the Code of Civil Procedure; and where such wife remarries and leaves a husband surviving her the probate court has not the power to set apart the property to the minors exclusively.

APPEAL from an order of the Superior Court of Alameda County denying a petition to have certain real property set apart as a homestead to the minors exclusively. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. Setting aside of homestead by probate court as against adverse claimants, note, 5 Ann. Cas. 193.

Rights of widow under homestead and exemption laws, notes, 4 L. R. A. (N. S.) 391; L. R. A. 1917C, 365.

Fry & Wood for Appellant.

Louis Gonsalves for Respondent.

LANGDON, P. J.—This is an appeal by the guardian of the persons and estates of Albert B. Sequeria and Louis B. Sequeria, minor children of the above-named decedent, from an order of the probate court setting aside a homestead in certain real property in the city of Oakland, California, for the use and benefit of the surviving husband of deceased and said minors. This order was made pursuant to the provisions of section 1465 of the Code of Civil Procedure.

By stipulation the decree setting apart the homestead comprises the record upon appeal. It recites the filing of a petition by the guardian of said minors to have the property involved here set aside to them as a homestead and a petition by A. R. Mendes, surviving husband of deceased and administrator of her estate, to have the same property set apart to him and to said minors, jointly as a homestead. In said decree the court finds the facts to be: That the real property sought to be set aside as a homestead was formerly the community property of M. B. Sequeria, who up to the time of his death on the seventeenth day of March, 1917, was the husband of Maria Mendes, since deceased, and the father of the said minors; that at the time of the death of M. B. Sequeria said real property was impressed with a homestead theretofore duly declared, acknowledged, and recorded while said property was community property as aforesaid; that after the death of said M. B. Sequeria, his widow intermarried with said A. R. Mendes, and she died on the twentieth day of October, 1918, being still the wife of said Mendes; that after the death of said M. B. Sequeria, Maria Mendes did not convey, encumber, nor homestead the said real property in any manner; that the estate of said M. B. Sequeria is now and ever since shortly after his death has been in course of probate, but no proceedings looking to the setting apart of said property as a homestead in the matter of his estate have been instituted, except a petition filed by said guardian to have said property set apart to said minors, which petition was denied. The decree then recites the facts of minority of the wards, appointment of the

guardian, filing of inventory and appraisement in the matter of the estate of Maria Mendes, deceased.

Upon these facts the court decreed that the property be set apart until the first day of January, 1923, to A. R. Mendes, Albert B. Sequeria, and Louis B. Sequeria jointly; thereafter, until said Albert B. Sequeria shall attain the age of twenty-one years, to said Albert E. Sequeria and Louis B. Sequeria jointly, and thereafter to said Louis B. Sequeria until he shall have attained the age of twenty-one years.

[1] Appellant contends that the court erred in not setting the property aside to the minors exclusively. The only question involved in the appeal is as to whether or not the fee-simple title to community property, impressed with a homestead during the existence of the community, vests in the surviving spouse free from all rights of heirs at law of the deceased spouse. Section 1265 of the Civil Code provides: "If the selection [of a homestead] was made by a married person from the community property . . . the land so selected, on the death of either of the spouses, vests in the survivor. . . . " Section 1471 of the Code of Civil Procedure provides: "If the homestead selected by the husband and wife, or either of them, during their coverture . . . was selected from the community property . . . it vests on the death of the husband or wife, absolutely in the survivor. . . . " Under these sections it seems clear that upon the death of M. B. Sequeria the title to the homestead community property vested in his surviving wife and upon her death vested in her heirs at law, subject to debts and expenses of administration, etc., and subject to the right of the court to set it apart as a homestead under section 1465 of the Code of Civil Procedure, which right has been exercised in the decree from which this appeal is taken.

If authority is required to interpret the clear provisions of the code upon the question involved here, it is to be found in the recent case of *Estate of Wrenn,* 61 Cal. App. 602 [215 Pac. 909]. That case is directly in point and decides that where property is impressed with a homestead during the existence of the community, the title becomes vested absolutely in the surviving spouse, merely retaining some characteristics of a homestead in being exempt from execution, etc.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.