[Civ. No. 4576. First Appellate District, Division Two.—July 9, 1923.]

In the Matter of the Estate of M. B. SEQUERIA, Deceased. FELIP MANDES, Guardian, etc., Appellant, v. A. R. MENDES, Respondent.

[1] Homesteads—Community Property—Title of Survivor.—Where community property is impressed with a homestead during the existence of the community, upon the death of the husband the title to such property vests in the surviving wife; and the probate court, in the matter of the estate of the deceased husband, has no power to set apart said property to the minor children of the deceased as and for a homestead.

APPEAL from an order of the Superior Court of Alameda County denying a petition to have certain real property set apart as a homestead. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fry & Wood for Appellant.

Louis Gonsalves for Respondent.

LANGDON, P. J.—This appeal is by the guardian of the persons and the estates of Albert B. Sequeria and Louis B. Sequeria, minors, from an order denying his petition to have certain real property set apart to said minors as and for a homestead.

By stipulation of the parties the matter is submitted to us upon the record before this court in the *Matter of the Estate of Maria Mendes, ante,* p. 11 [217 Pac. 1077]. The decision of this court in the last-mentioned appeal is controlling here. [1] The same property is involved in both matters and it was decided in the *Matter of the Estate of Maria Mendes, supra,* in an opinion filed this day, that the title to the property in controversy, which had been homesteaded during the period of marriage between Manuel Bas Sequeria and Maria Carolina Sequeria (Maria Mendes), vested in the survivor, Maria Carolina Sequeria (Maria

Mendes), upon the death of her husband.  It follows that
the court had no power in this proceeding to set apart said
property to the minor children of Manuel Bas Sequeria.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.