[Civ. No. 6747. First Appellate District, Division One.—June 25, 1929.]

A. BRANDON, Respondent, v. FRANK F. FARIA et al., Defendants; ADELINE FARIA, Appellant.

O. H. Speciale and Owen D. Richardson for Appellant.

E. H. Christian for Respondent.

THE COURT.—An appeal from an order confirming a report of appraisers appointed in a proceeding on execution against certain property selected by appellant, Adeline Faria, as a homestead.

The declaration of homestead was recorded on October 25, 1922. The family of the claimant consisted of her husband, Frank F. Faria, and two minor children, the issue of the marriage. On April 4, 1924, Frank F. Faria by deed of gift conveyed the property to appellant, who, on October 27, 1926, by a similar deed conveyed the same to the two

minor children mentioned, reserving to herself a life estate therein. On July 26, 1926, in an action brought by appellant against her husband for divorce on the ground of extreme cruelty an interlocutory decree was entered, awarding her the custody of the minor children and requiring her husband to pay a sum monthly for her support and the support of the minors, but making no assignment or other disposition of the homestead. On February 17, 1927, an action, numbered 93935, was brought in the Superior Court of Alameda county by respondent Brandon against appellant, her two minor children and her husband, Frank F. Faria, alleging that on February 5, 1927, a money judgment for $432.76 was entered against the latter in favor of respondent, who was an assignee, and that an execution issued thereon had been returned wholly unsatisfied. The complaint further alleged that the above deed of gift was without consideration and made with the intent and purpose to hinder, delay and defraud creditors of Faria, including the assignors of respondent, and prayed judgment that as to respondent the deed be declared void. Frank F. Faria defaulted, and appellant, with the minor children, who appeared by a guardian *ad litem*, answered, denying the alleged insolvency of Faria and the fraudulent purpose of the deed.

The court found in accordance with the allegations of the complaint, and on June 13, 1927, entered judgment against appellant for the amount of the money judgment referred to in the complaint, which amount she had previously deposited in court, and the judgment so last entered was satisfied on June 23, 1927.

According to the petition in the present proceeding—which was filed on June 29, 1927, and the allegations of which are not denied—a judgment was entered against Faria and in favor of the respondent on the same day in an action in the Superior Court of Alameda County, which was numbered 96338. This judgment, the evidence shows, was for $2,829.53, and was entered upon a claim assigned to petitioner. It was further alleged that on the same day an execution was issued thereon and levied upon the property claimed as a homestead; that no previous execution arising out of the judgment had been levied thereon, and that Faria had no other property subject to execution. It was also alleged that the property was of a value greater than $5,000. Appellant answered

the petition, alleging the conveyance to her by her husband; that he had no further interest in the property and that the same was owned by the minor children, subject to her life estate therein; and further that an interlocutory decree of divorce had been entered in the divorce action mentioned.

After hearing an order appointing three persons to appraise the property claimed as a homestead was made. Thereafter a report by the appraisers was filed, in which the property with the improvements thereon was appraised at the sum of $19,000, the improvements consisting of a dwelling-house, barn and outbuildings, being appraised at the sum of $1,000. The appraisers further reported that the property could be divided without material injury, and described a portion which was alleged to be suitable for a homestead. After a hearing thereon the report was confirmed, an order was made directing the appraisers to set apart to appellant and her husband as a homestead the portion of the land described in the order and permit execution of the judgment upon the remainder.

Appellant contends that it was not shown that Frank F. Faria had any interest in the property on or after June 29, 1927, the date of the entry of the judgment sought to be enforced in the present proceeding, or that the deed to appellant was fraudulent as to the assignors of respondent, and that consequently the order was erroneous.

It is not claimed that the homestead was selected from appellant's separate property, but whether the selection was from the community property or the property of her husband does not appear. She was entitled, however, to select from either (Civ. Code, sec. 1238), and the conveyance of the property subsequently executed by her husband as between them vested the same in her as her separate property, but did not impair the homestead or destroy the right of survivorship created thereby to the extent of the interest conveyed (*Wall* v. *Brown,* 162 Cal. 307 [122 Pac. 478]; *Estate of Beer,* 178 Cal. 56 [171 Pac. 1062]). Nor did the interlocutory decree of divorce have that effect (*Remley* v. *Remley,* 49 Cal. App. 489 [193 Pac. 604]; *Strupelle* v. *Strupelle,* 59 Cal. App. 526 [211 Pac. 248]; *Radich* v. *Radich,* 64 Cal. App. 605 [22 Pac. 182]).

Appellant suggests that subsequent to the entry of the order appealed from a final decree was entered in the

divorce action, but this fact, if true, is not material to the question whether the order previously made was erroneous. As held in *Stone* v. *McCann,* 79 Cal. 460 [21 Pac. 863], while a claimant is entitled to a hearing upon a petition in a proceeding for the appraisement of a homestead, no formal trial of the issues nor any findings are contemplated by the statute. ▮ If a judgment valid on its face be shown, and the execution has been levied on the homestead, which appears to be of greater value than $5,000, appraisers should be appointed. ▮ Appellant, however, relying upon the deed from her husband, answered the petition, claiming that he had no further interest in the property. No evidence touching this issue is disclosed in the record except the deed mentioned and the judgment-roll in action number 93935, which, as stated, contains the finding that the deed was without consideration and made with the intent and purpose to delay, hinder and defraud the creditors of Faria. When the debt sought to be enforced in the present proceeding was incurred does not appear. Assuming, however, that it was after the execution of the deed, the facts found above were *prima facie* evidence of an intent to defraud subsequent creditors (*Hemenway* v. *Thaxter,* 150 Cal. 737 [90 Pac. 116]), which fraud respondent as the assignee of a creditor could assert (*Kemp* v. *Enemark,* 104 Cal. 748 [230 Pac. 441]); and if the question of Faria's interest was material in this proceeding, as appellant claims, the order appointing appraisers impliedly determined the issue against her, and the evidence supports the decision. If, on the other hand, as contended by respondent, the question of title is not involved in a proceeding of this character, appellant's claim of ownership, if valid against creditors, can be established in a proper action.

We find no merit in the appeal, and the order is accordingly affirmed.