[Civ. No. 18389. Second Dist., Div. Three. May 4, 1951.]

Estate of ROSE S. COOK RONAYNE, Deceased. GEORGE
B. RONAYNE, Appellant, v. NORAH BANGS DAY
et al., Respondents.

Merrill L. Granger for Appellant.

Gandy & Cockins for Respondents.

VALLÉE, J.—Appeal by George B. Ronayne, surviving husband of decedent, from an order dismissing his petition to set aside a homestead and exempt property. The petition prayed that the homestead and exempt property be set aside to petitioner ''absolutely and for such other and further relief as may be proper.'' At the close of petitioner's case, respondents moved to dismiss the petition on the sole ground ''that the statutory requirements for creation of a homestead inuring to the benefit of the petitioner have not been complied with,'' which motion was granted.

On June 9, 1927, decedent, then the wife of John Cook, executed and recorded a declaration of homestead on jointly owned property for the joint benefit of herself and her then husband. On April 16, 1929, Cook conveyed his interest in the property to decedent. Subsequently Cook died. Thereafter decedent married one Fred Lapp, who also predeceased her. On November 7, 1940, decedent married petitioner and resided with him on the property until her death. She died testate on June 15, 1949 (*Estate of Ronayne*, 103 Cal.App.2d

852 [230 P.2d 423]), without issue. The items of personal property petitioner seeks to have set aside to him as exempt property are household furniture, furnishings, and equipment located in the homesteaded property. There was no community property.

It is appellant's contention that the homestead declared by decedent in 1927, while the wife of another, inured to his use and benefit.

Civil Code section 1265[1] and Probate Code section 663[2] determine the devolution of a homestead.

█ The effect of the deed from Cook to decedent was to vest in her the interest conveyed as her separate property. What formerly had been community or jointly owned property when the declaration was filed became, by Cook's conveyance, decedent's separate property. (*Wall* v. *Brown,* 162 Cal. 307, 310 [122 P. 478].) █ Upon the death of Cook, the homestead vested absolutely in decedent, the survivor. So far as the legal title was concerned it vested in her as fully and perfectly as though no homestead had ever been carved out of it, although it retained the characteristic of a homestead to the extent that it was exempt from forced sale for her debts. (*Wall* v. *Brown, supra,* 162 Cal. 307, 310; *Estate of*

---

[1] "From and after the time the declaration is filed for record, the premises therein described constitute a homestead. If the selection was made by a married person from the community property, or from the separate property of the spouse making the selection or joining therein, the land so selected, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to the heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it, or the products, rents, issues or profits thereof be held liable for the debts of the owner, except as provided in this title; and should the homestead be sold by the owner, the proceeds arising from such sale to the extent of the value allowed for a homestead exemption as provided in this title shall be exempt to the owner of the homestead for a period of six months next following such sale."

[2] "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of either spouse, absolutely in the survivor. If the homestead was selected from the separate property of the decedent without his consent, it vests, on death, in his heirs or devisees, subject to the power of the court to set it apart for a limited period to the family of the decedent, as hereinabove provided. In either case it is not subject to the payment of any debt or liability existing against the spouses or either of them, at the time of the death of either, except as provided in the Civil Code."

*Beer,* 178 Cal. 54, 56 [171 P. 1062] ; *Estate of Teel,* 34 Cal.2d 349, 352 [210 P.2d 1] ; *Brandon* v. *Faria,* 99 Cal.App. 594, 597 [279 P. 192] ; *Estate of Wrenn,* 61 Cal.App. 602, 606 [215 P. 909] ; *Tyrrell* v. *Baldwin,* 78 Cal. 470, 474 [21 P. 116] ; *Dickey* v. *Gibson,* 113 Cal. 26, 31 [45 P. 15, 54 Am.St.Rep. 321].) ▮ She had the power to dispose of it, encumber it, and it was subject to her testamentary disposition. ▮ Title to the property was not affected by her subsequent marriages. " 'The marriage changed her social *status,* but did not change her right to the property. In its title and use it remained vested in her as the true owner, usable by her for her exclusive benefit, and disposable by her, without the consent of her husband, in the manner provided by law. . . .' " (*Dickey* v. *Gibson,* 113 Cal. 26, 33 [45 P. 15, 54 Am.St.Rep. 321].) There was, therefore, to all practical intents and purposes, no homestead in existence upon the property when decedent married Lapp and when she thereafter married petitioner. (*Estate of Wrenn,* 61 Cal.App. 602, 606-607 [215 P. 909] ; *Estate of Clavo,* 6 Cal. App. 774, 779 [93 P. 295]. See also *Zanone* v. *Sprague,* 16 Cal.App. 333, 336 [116 P. 989] ; *Estate of Mendes,* 63 Cal.App. 11, 13 [217 P. 1077] ; *Dickey* v. *Gibson,* 113 Cal. 26, 31 [45 P. 15, 54 Am.St.Rep. 321].)

▮ In *Estate of Clavo, supra,* 6 Cal.App. 774, an heir of decedent appealed from an order setting aside a homestead absolutely to decedent's widow (his second wife), contending that the property upon which a homestead had been declared by decedent while married to his first wife, who predeceased him, vested in his heirs and devisees. After his second marriage, the decedent filed a second declaration of homestead upon the same property. In affirming the judgment, the court said, p. 779 : "Upon the death of the first wife the title to the property became vested absolutely in the husband, and he was clothed with complete dominion over it, but by virtue of the statute [Code Civ. Proc., § 1474, now Prob. Code, § 663], it still retained some characteristics of a homestead, among them being exemption from execution. While that exemption continued he could not select another and different homestead. *But the title having vested completely in the husband upon the death of his wife, the property could not, in the very nature of the case, continue as a homestead for the benefit of the second community. The unqualified title of one of the spouses to the property is inconsistent with the existence of a homestead for the benefit of both.* After his second marriage, in order to clothe the property with all the attributes of a

community, it was necessary for the husband to file another declaration.'' (Italics added.) See also *Estate of Wrenn,* 61 Cal.App. 602, 606 [215 P. 909]; *Estate of Mendes,* 63 Cal.App. 11, 13 [217 P. 1077]; *Estate of Sequeria,* 63 Cal.App. 14 [217 P. 1078].)

The case of *Vieth* v. *Klett,* 88 Cal.App.2d 23 [198 P.2d 314], relied on by appellant, is inapplicable to the facts here. The case distinguishes *Estate of Clavo,* 6 Cal.App. 774 [93 P. 295], to which we have heretofore referred. The Clavo case squarely decides the issue now being considered.

While the court, by reason of the foregoing, was justified in denying the petition insofar as it sought to have a declared homestead set apart to the surviving husband, it erred in not making an order with respect to a probate homestead and with respect to the personal property exempt from execution.

At the trial, petitioner urged that if he were not entitled to have the declared homestead set over to him he was, in the alternative, entitled to a probate homestead. Respondents concede that the ''case at bar is concerned with Sections 660 and 661 of the Probate Code.'' Section 660, in part, provides: ''. . . Thereupon [when the inventory is filed], or at any subsequent time during the administration, the court, on petition therefor, may in its discretion set apart to the surviving spouse, or, in case of his or her death, to the minor child or children of the decedent, all or any part of the property of the decedent exempt from execution. . . .''

Under section 661[3], where no homestead has been selected, the court *must* set apart a homestead for the use of the surviving spouse out of the community property or out of real property owned in common by the decedent and the surviving spouse, and if none, out of the separate property

[3]''If none has been selected, designated and recorded, or in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court, in the manner hereinafter provided, must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children, or, if there be no surviving spouse, then for the use of the minor child or children, out of the community property or out of real property owned in common by the decedent and the person or persons entitled to have the homestead set apart, or if there be no community property and no such property owned in common, then out of the separate property of the decedent. If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority; and, subject to such homestead right, the property remains subject to administration.''

of the decedent. The provisions of section 661 are mandatory, and it is the imperative duty of the probate court upon proper application to set apart such a homestead where the deceased was in possession of the property at the time of death. (*Estate of Shively,* 145 Cal. 400, 402 [78 P. 869]; *Estate of Claussenius,* 96 Cal.App.2d 600, 611 [216 P.2d 485]; *Estate of Mason,* 76 Cal.App. 315, 320 [244 P. 629]; *Estate of Barkley,* 91 Cal.App. 388, 391 [267 P. 148].) The only restriction imposed by this section is that if the homestead is selected from the separate property of the decedent, its duration must be for a limited period, in no case beyond the lifetime of the surviving spouse. ██ The right of a surviving spouse to a probate homestead is independent of and in addition to any other right or property he or she may have, whether acquired under the will of decedent or otherwise. (*Estate of Firth,* 145 Cal. 236, 238 [78 P. 643]; *Estate of Barkley, supra,* 91 Cal.App. 388, 391.)

██ While the petition does not specifically pray that a *probate* homestead be set aside to petitioner, under the prayer for general relief and under the facts alleged and the proof made, it was incumbent upon the court to make such an order for a prescribed period of time, not exceeding the lifetime of petitioner. The question of a probate homestead was placed directly in issue at the time of the trial. In seeking to have a probate homestead designated from the separate property of the decedent, the following facts furnish the basis for the jurisdiction of the court: (1) petitioner is the surviving spouse; (2) there is no community property from which a homestead can be selected; (3) no homestead had been selected and recorded by either of the spouses during decedent's lifetime; (4) the real property is the separate property of decedent; (5) and the inventory and appraisement have been returned and filed. (*Estate of Claussenius,* 96 Cal.App.2d 600, 612 [216 P.2d 485]; *Estate of Rosland,* 76 Cal.App.2d 709, 711 [173 P.2d 830].) The foregoing facts were substantially before the trial court and it was error not to make an order with respect to the homestead and the personal property exempt from execution.

Reversed.

Shinn, P. J., and Wood (Parker) J., concurred.