[Civ. No. 18578.   Second Dist., Div. Two.   Dec. 11, 1951.]

Estate of VIRGINIA FAIR DURHAM, Deceased. AUBREY IVAN MOORE, Appellant, v. WILLIAM C. DURHAM, Respondent.

Eugene J. Landau and Newell & Chester for Appellant.

Lee Combs for Respondent.

McCOMB, J.—Appellant Moore appeals from that portion of a decree determining heirship holding that (1) two bank accounts of decedent Virginia Fair Durham were community property, and (2) respondent Durham was entitled to $7,500 for his homestead rights in a parcel of separate property belonging to decedent upon which she had declared a homestead.

■ *Questions:* First: *Was there substantial evidence to sustain the probate court's finding that a commercial account and savings account standing in the name of decedent at the time of her death were the community property of decedent and her husband, respondent William C. Durham?*

*Yes.* It is conceded that the money which comprised the two bank accounts was property acquired during the marriage of respondent and decedent. Therefore there was a presumption that it was community property. (Civ. Code, § 164.) Likewise there was testimony that the funds comprising the bank accounts had been earned by respondent. The foregoing presumption and evidence clearly sustains the probate court's finding that the accounts were community property.

■ The rule is settled that the credibility of a witness and the weight to be accorded his testimony are questions directed to the trier of fact who may accept *all* or *part* of the testimony of any witness it believes to be true or may reject *all* or *any part* which it believes to be untrue. (*Wright* v. *Delta Properties, Inc.,* 79 Cal.App.2d 470, 476 [2] [180 P.2d 57].) Hence testimony which would support a conclusion contrary to that reached by the trier of fact must be disregarded by this court.

■ Second: *Did respondent waive his homestead rights in a parcel of real property which was the separate property of decedent upon which she had declared a homestead?*

*No.* A homestead declared by a wife vests *absolutely* in her husband upon the death of the wife. (*Estate of Beer,* 178 Cal. 54, 57 [171 P. 1062]; *Williams* v. *Williams,* 170 Cal. 625, 627 [151 P. 10]; *Selinger* v. *Milly,* 51 Cal.App.2d 286, 294 [124 P.2d 631].)

In view of this rule there is no merit in appellant's contention that since the property upon which the homestead had been declared was sold by the executor (respondent) during the course of administration of the estate respondent waived his homestead rights.

Affirmed.

Moore, P. J., concurred.

The petitions for a rehearing were denied December 26, 1951, and January 2, 1952.

Appellant's and respondent's petitions for a hearing by the Supreme Court were denied February 7, 1952.